J-S19022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK HORAN | : | |
| | : | |
| Appellant | : | No. 2363 EDA 2021 |

Appeal from the PCRA Order Entered October 15, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002868-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK HORAN | : | |
| | : | |
| Appellant | : | No. 2364 EDA 2021 |

Appeal from the PCRA Order Entered October 15, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002881-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK HORAN | : | |
| | : | |
| Appellant | : | No. 2426 EDA 2021 |

Appeal from the PCRA Order Entered October 15, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002572-2006

J-S19022-22

BEFORE:    PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 8, 2022**

Appellant, Patrick Horan, appeals from the order entered on October 15, 2021, dismissing as untimely his petition to enforce a plea agreement pursuant to Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] Upon careful consideration, we affirm.

We summarize the facts and procedural history pertinent to this appeal as follows.  On May 16, 2007, as the result of two separate criminal incidents, Appellant pled guilty but mentally ill to aggravated indecent assault, criminal attempt to commit rape, aggravated assault, stalking, burglary, criminal attempt to commit burglary, criminal trespass, and loitering and prowling at night.[2]  On August 31, 2007, the trial court sentenced Appellant to consecutive, standard range sentences totaling an aggregate term of incarceration of 39 years and ten months to 78 years and eight months. Moreover, based upon an assessment by the Sexual Offender Assessment Board, the trial court deemed Appellant a sexually violent predator (SVP). This Court affirmed Appellant's judgment of sentence in an unpublished memorandum on March 15, 2012.  **See Commonwealth v. Horan**, 947 A.3d

---

[*] Former Justice specially assigned to the Superior Court.

[1] As will be discussed at length below, however, Appellant's petition did not, in fact, arise under the PCRA because it did not raise collateral claims.

[2] 18 Pa.C.S.A. §§ 3125 (aggravated indecent assault), 901 (criminal attempt), 3121 (rape), 2702 (aggravated assault), 2709 (stalking), 3502 (burglary), 3503 (trespass), and 5506 (loitering and prowling at night).

1245 (Pa. Super. 2012) (unpublished memorandum). Our Supreme Court denied further review. **See Commonwealth v. Horan**, 76 A.3d 539 (Pa. 2013).

On August 19, 2014, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of trial counsel. The PCRA court appointed counsel to represent Appellant. On October 2, 2014, the PCRA court vacated the original plea and sentence and accepted "a negotiated, universal resolution that included a new guilty plea with a sentence bargain." Trial Court Opinion, 10/15/2021, at 5, **see also** N.T., 10/2/2014, at 4-6. More specifically, the PCRA court "accepted the negotiated resolution for the entry of a *nolo contendere*" plea and modified Appellant's aggregate sentence to 26 to 52 years of imprisonment pursuant to an agreement between Appellant and the Commonwealth.

On August 15, 2018, Appellant filed a subsequent PCRA petition. The PCRA court dismissed the petition as untimely and without exception to the PCRA time bar. We quashed the appeal by judgment order and Appellant did not seek further review with our Supreme Court. **See Commonwealth v. Horan**, 2019 WL 2323813 (Pa. Super. 2019).

On April 16, 2020, Appellant filed a civil petition for injunctive relief. More specifically, after being transferred to the State Correctional Institution (SCI) at Camp Hill, Appellant requested "he be transferred or housed in a different 'therapeutic environment' within" the Department of Corrections (DOC), asserting that Camp Hill could not address his mental health treatment

needs. Trial Court Opinion, 10/15/2021, at 7. On April 23, 2020, the trial court dismissed Appellant's petition for lack of jurisdiction, because the trial court concluded that "original jurisdiction was with the Pennsylvania Commonwealth Court." *Id.* at 8. Appellant thereafter filed an appeal with the Commonwealth Court.

On July 30, 2021, the Commonwealth Court issued an unpublished, *per curiam* memorandum opinion, remanding the case to the trial court, with the following analysis and instructions:

> The trial court in this matter did not dismiss the [p]etition based on a determination that the Commonwealth Court, as the appropriate court of review, would under no circumstances be able to grant [Appellant's] requested relief. Instead, the trial court dismissed the action based solely on a determination that jurisdiction properly lay with the Commonwealth Court. Dismissal of the matter by the trial court for this reason alone was error. In the absence of a determination by the trial court that the proper court could not have granted the relief sought by [Appellant] based on an evaluation of the underlying claims, the proper action was not to dismiss the matter, but rather to transfer the matter to the appropriate court for determination, which was, regarding the claims concerning the DOC's administrative decision to transfer [Appellant], the Commonwealth Court. *See* 42 Pa.C.S.A. § 5103 [(addressing transfers of erroneously filed matters and stating, "If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.")]. Because the trial court erred, therefore, [the Commonwealth Court] vacate[d] the trial court's April 23, 2020 order dismissing the [p]etition and remand[ed] the matter to the trial court for further action.

[The Commonwealth Court] note[d], however, that [it could not] discern from the [p]etition whether [Appellant] simply complain[ed] of the DOC's decision to transfer him, or whether instead he also raise[d] a separate claim that he ha[d] been denied the benefit of the sentence imposed as a result of his guilty plea, which would require a determination of whether the alleged plea agreement/sentence term actually formed a part of the plea agreement and sentence imposed. ***See Commonwealth v. Martinez***, 147 A.3d 517, 533 (Pa. 2016) (noting that, a convicted criminal is entitled to specific performance of the terms of a guilty plea where a court determines that the alleged term is part of the parties' plea agreement).  The trial court's criminal division, not civil division, [was] the appropriate court in which to determine such a claim. ***See id.***

\*          \*          \*

Because [the Commonwealth Court found] the trial court improperly dismissed the [p]etition for the sole reason that jurisdiction over the claims therein properly lay with [Commonwealth] Court, [it] vacate[d] the trial court's April 23, 2020 order dismissing the [p]etition for lack of jurisdiction. Further, [the Commonwealth Court] remand[ed the matter] to the trial court with direction[s] that it make a determination as to whether [Commonwealth] Court, in [its] original jurisdiction, c[ould] grant the relief [Appellant sought] in the [p]etition. In so doing, [the Commonwealth Court noted that] the trial court may direct [Appellant] to file an amended pleading, setting forth with greater clarity the nature of his complaint against the named defendants and the relief that he seeks.  If the trial court determines that [Commonwealth] Court has original jurisdiction over the complaint and c[ould] grant the relief [Appellant seeks] in [the Commonwealth Court's] original jurisdiction, [the trial court should] transfer the matter to [Commonwealth] Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S.A § 5103(a).  If the trial court determines that [the Commonwealth] Court has original jurisdiction over the complaint but [could not] grant the relief [Appellant seeks], it [could] transfer the matter to [Commonwealth] Court's original jurisdiction or, in the interest of judicial economy, dismiss the action.  [***See***] ***Smock*** [***v. Commonwealth***, 436 A.2d 615, 617 (Pa. 1981).]

Additionally, as noted above, to the extent [Appellant] seeks specific performance of the terms of his criminal plea agreement, he should pursue such a claim *via* an appropriate filing under his

- 5 -

criminal case docket number, not through a new civil action in the common pleas court or [Commonwealth] Court.

*Horan v. Harry*, 260 A.3d 1107, at *3-4 (Pa. Commw. Ct. 2021) (unpublished).

On August 13, 2021, Appellant filed a petition to enforce a plea agreement at his criminal docket. Trial Court Opinion, 10/15/2021, at 9-10. The DOC filed preliminary objections, asking that Appellant's petition "be dismissed rather than transferred because (1) the [p]etition failed to state a claim upon which relief should be granted; and, (2) [t]he civil petition to enforce a plea agreement must be brought under a criminal docket number." *Id.* The trial court scheduled a hearing on the matter for September 2, 2021. Following the scheduled hearing, the trial court "entered an [o]rder transferring the [p]etition for [injunctive relief] back to the Commonwealth Court." *Id.* at 10. Additionally, the trial court determined that the remainder of Appellant's August 13, 2021 filing, the "petition to enforce a purported plea agreement," remained pending. As such, the trial court "treated the petition as a claim encompassed by the PCRA." *Id.*

On September 27, 2021, the trial court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. *Id.* Appellant filed a response on October 14, 2021. On October 15, 2021, the trial court issued an opinion and order concluding that it lacked jurisdiction under the PCRA because the petition was untimely and not subject to exception. In the alternative, the trial court opined that Appellant's claim

lacked merit because the trial court had "no authority to interfere with the DOC's administrative decisions in regard to where they house their inmates[,]" so that even if it had made a recommendation regarding treatment, "it would have been unenforceable." *Id.* at 19. Moreover, the trial court concluded that "even if the claim of a failure of the DOC to keep [Appellant] placed in a mental health facility consistent with a sentencing directive [was] reviewable under the PCRA, no such directive exist[ed] in this record." *Id.* The trial court reviewed the sentencing transcripts "from [Appellant's] original sentence imposed on August 31, 2007 [following his guilty but mentally ill plea], and his resentenc[ing following his *nolo contendere* plea] entered on October 2, 2014." *Id.* at 20. Ultimately, the trial court determined that "there was never a request from Appellant regarding mental health treatment" and the trial court did not "*sua sponte* make any recommendations." *Id.* at 22. This timely *pro se* appeal resulted.[3]

On appeal *pro se*, Appellant presents the following issues for our review:

I. Whether [the lower court] erred [by] dismiss[ing] Appellant's petition to enforce [a] plea agreement by treating it as an untimely PCRA [petition]?

---

[3] On November 10, 2021, Appellant filed three timely, separate notices of appeal, one at each of the above-captioned criminal dockets, in compliance with our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Appellant also filed corresponding statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 29, 2021, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) that largely relied upon its earlier decision issued on October 15, 2021. On January 24, 2022, this Court *sua sponte* consolidated the appeals.

> II. Whether [the lower court] erred by claiming that Appellant's October 2, 2014 resentencing nullified all aspects of Appellant's original guilty but mentally ill (GBMI) plea and sentence?

Appellant's *Pro Se* Brief at 4 (unnecessary capitalization omitted).

In his first issue presented, Appellant argues that the trial court erred by dismissing his petition to enforce a plea agreement as an untimely PCRA petition. For the reasons that follow, we agree. In this case, the trial court, relying upon this Court's decision in **Commonwealth v. Hromek**, 232 A.3d 881 (Pa. Super. 2020), determined:

> The Pennsylvania Superior Court has consistently held so long as a pleading falls under the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition. [In **Commonwealth v. Hromek, supra**,] Mr. Hromek filed the same styled pleading as [Appellant] – "Petition for the Enforcement of a Plea Agreement" – which the **Hromek** Court recognized as an untimely petition under the Post-Conviction Relief Act (PCRA), and thus held that the Court of Common Pleas lacked jurisdiction to review the merits of the petition and/or grant relief.
>
> Here, precedent guides us to construe [Appellant's] "Petition for Enforcement of Plea Agreement" as a PCRA petition – albeit a clumsily filed one. **See Hromek**, 232 A.3d at 884.

Trial Court Opinion, 10/15/2021, at 15-16.

We reject the trial court's reliance on **Hromek**. In that case, Hromek filed a petition which he characterized as a petition for the enforcement of plea agreement. This Court, however, recognized that Hromek's claim actually challenged the constitutionality of his SVP lifetime registration requirements. **See Hromek**, 232 A.3d at 884. Our Court thus determined that, although Hromek titled his filing as a petition for enforcement of a plea agreement, he

actually challenged "the legality of his sentence [and his petition] should have been treated as a PCRA petition." *Id.*; *see also Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012) (citation omitted) (The designation of a petition "does not preclude a court from deducing the proper nature of a pleading.").

We find our decision in *Hromek* to be distinguishable from the circumstances presently before us. In this matter, Appellant does not challenge the legality of his sentence but insists he is entitled to mental health treatment, as contemplated under the terms of his original plea agreement. Appellant's claim rests on his contention that, as part of his plea agreement, "[t]here can be no doubt that Appellant needed, asked for, and was led to believe that his term of incarceration would be served at a facility equip[p]ed to provide adequate and effective psychological treatment." Appellant's *Pro Se* Brief, at 8 (citation omitted). Because Appellant's claim plainly seeks enforcement of terms allegedly incorporated into a plea agreement, and does not challenge the constitutionality of a sentence, we reject the trial court's reliance on *Hromek* in concluding that Appellant's petition fell within the scope of the PCRA and was therefore subject to the PCRA's timing requirements.

Instead, we have previously recognized that

> [a] petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. *See Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The plain language of the

PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001).

\*          \*          \*

**On the other hand, a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance**. **See**, **e.g.**, **Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016); **Commonwealth v. Fernandez**, 195 A.3d 299 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 276 (Pa. 2014); **Commonwealth v. Farabaugh**, 136 A.3d 995 (Pa. Super. 2016), *appeal denied*, 172 A.3d 1115 (Pa. 2017); **Commonwealth v. Nase**, 104 A.3d 528 (Pa. Super. 2014), *appeal denied*, 163 A.3d 405 (Pa. 2016). **Compare Commonwealth v. James Johnson**, 200 A.3d 964 (Pa. Super. 2018) (stating generally that plea enforcement theory is unavailable as ground for collateral relief if there is no plea bargain to enforce). The designation of the petition "does not preclude a court from deducing the proper nature of a pleading." **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (*citing* **Commonwealth v. Abdul–Salaam**, 996 A.2d 482 (Pa. 2010) (involving deceptive labeling of PCRA pleading)).

Contract interpretation is a question of law, so "[o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." **Gillard v. Martin**, 13 A.3d 482, 487 (Pa. Super. 2010). Plea bargains play a critical role in the criminal justice system of this Commonwealth:

With respect to plea bargains, [t]he reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: [n]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea-bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused, ...is an essential component of the administration of justice. Properly administered, it is to be encouraged. In

this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.... A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of— terms that fall outside these areas.

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

Any ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. Regarding the Commonwealth's duty to honor plea agreements, well-settled Pennsylvania law states:

> Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea-bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.
>
> Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement.

> *Farabaugh*, *supra* at 1001-1002 (internal citations and quotation marks omitted).
>
> > We acknowledge that the analogy of a plea agreement as a contract is not a perfect one. For instance, unlike a typical contract, a plea agreement does not become binding on the parties upon their consent to terms; rather, a plea agreement is not valid and binding until it is evaluated and accepted by a third party, *i.e.*, a trial court....
> >
> > Nonetheless, as the *Hainesworth* court recognized, plea agreements clearly are contractual in nature. *See Puckett v. United States*, 556 U.S. 129 (2009) (stating[:] "Although the analogy may not hold in all respects, plea bargains are essentially contracts").
>
> *Martinez*, 147 A.3d at 531 (one internal citation omitted). "[T]he convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement. Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term." *Id.* at 532-533.

*Commonwealth v. Kerns*, 220 A.3d 607, 611–613 (Pa. Super. 2019) (emphasis added).

In this case, despite finding that it lacked jurisdiction under the PCRA to entertain Appellant's claim seeking appropriate mental health treatment and placement pursuant to the terms of his plea agreement, the trial court examined the merits of the claim:

> [The trial court] made no recommendation to the DOC about [Appellant's] treatment or an expected mental health placement at either sentencing proceeding. Further, the record also reflects that [Appellant] made no such request or demand.
>
> In fact, [the trial court's opinion carefully reviewed] the sentencing transcripts from [Appellant's] original sentence

imposed on August 31, 2007, and his [] sentence entered on October 2, 2014 [following resentencing]. During [Appellant's] 2007 sentencing, [defense] counsel [made several] representations about [Appellant's] mental health[,] noting that [Appellant] had "pretty substantial mental illnesses; counsel asked that the court fashion a sentence that [Appellant] can get the treatment he needs; … and the record is clear that he needs treatment, he understands that, and he asks for it." [N.T.,] 8/31/2007, at 18. However, the sentencing transcript also noted that [Appellant] did not wish to make any statement during sentencing. *Id.* at 19. [The trial court] then entered a standard range sentence with regard to each charge and did not make a recommendation to the DOC with regard to [Appellant's] treatment needs.

At his PCRA hearing in 2014, the Commonwealth and [Appellant] agreed to vacate his original guilty plea, and entered a new, second *nolo contendere* plea with a sentence bargain. The negotiated resolution vacated his first conviction based upon the Commonwealth's acknowledgment that [Appellant's] guilty plea counsel was ineffective for providing deficient advice to [Appellant] regarding his sentencing exposure. Then, instead of a guilty but mentally ill plea, [Appellant] plead *nolo contendere*. N.T., 10/2/2014, at 12-13. Further, when [the trial court] questioned [Appellant] about taking psychotropic medication and his state of mind, [Appellant] indicated that he was not taking any medication and admitted that he was very clear minded. *Id.* at 16. Further, [the trial court] allowed [Appellant] to make a statement about his mental health.

Trial Court Opinion, 10/15/2021, at 20 (original brackets omitted).

At the October 2, 2014 plea hearing, Appellant described the mental health treatment he received while incarcerated. Appellant stated that he received minimal, monthly psychological and psychiatric counseling sessions "for maybe 10 [to] 15 minutes" while imprisoned but did not "consider that really being under treatment." *Id.*, *citing* N.T., 10/2/2014, at 17-18. Despite being diagnosed with "severe depression," Appellant confirmed that he did not

have any significant mental health symptoms, was not in active treatment, and was not prescribed medication. *Id.* at 22, *citing* N.T., 10/2/2014, at 18. Appellant stated that he managed his mental health by talking with prison staff and other inmates and could "handle it that way, so it works." *Id.* Finally, the trial court noted that it did not make any *sua sponte* sentencing recommendations regarding mental health treatment. *Id.*

On appeal, Appellant does not challenge the trial court's determination that there was no agreement that Appellant receive mental health treatment pursuant to the October 2, 2014 plea bargain under which Appellant agreed to withdraw his prior plea of guilty but mentally ill but further agreed to enter a *nolo contendere* plea in its place. *See* Appellant's *Pro Se* Brief at 10-13. Rather, Appellant argues that the guilty but mentally ill portion from his original sentence still applied to his October 2, 2014 resentencing because "the purpose of this proceeding was to reduce Appellant's sentence." *Id.* at 10. Finally, Appellant argues that if it is determined that the judgment of sentence imposed on October 2, 2014 supplanted all aspects of Appellant's original 2007 sentence, then Appellant's SVP designation, as well as other registration requirements, must also be vacated. *Id.* at 12.

Upon review of the certified record and applicable law, we conclude that Appellant is not entitled to relief. Initially, we address Appellant's assertion that the trial court erred by determining that Appellant's new *nolo contendere* plea nullified all aspects of his original guilty but mentally ill plea. As set forth at length above, we are required to analyze Appellant's claim under

contract-law standards. "The doctrine of novation, or substituted contract, applies where: (i) a prior contract has been displaced, (ii) a new valid contract has been substituted in its place, (iii) there exists sufficient legal consideration for the new contract, and (iv) the parties consented to the extinction of the old and replacement of the new." *First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 138 (Pa. Super. 1997). Here, Appellant consented to the extinction of his original plea and its replacement with the terms of the new plea. Thus, we discern no error by the trial court in finding that Appellant's original plea was replaced completely by his subsequent plea. Moreover, there is no evidence in the record that the Commonwealth, Appellant, or the trial court incorporated mental health treatment concerns into the terms of the new October 2, 2014 plea agreement. In fact, at the time of his October 2, 2014 plea, Appellant specifically stated that he did not require mental health treatment, including either counseling or medication. "A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds [] that contradict statements made when he pled." *Commonwealth v. Stork*, 737 A.2d 789, 790–791 (Pa. Super. 1999).

Finally, we conclude that Appellant waived the portion of his claim pertaining to his SVP designation. Appellant did not raise the issue in his petition to enforce the plea agreement, Appellant did not identify the issue in his subsequent Rule 1925(b) statement, and the trial court never addressed it. *See Interest of D.C.*, 263 A.3d 326, 335 (Pa. Super. 2021), *citing* Pa.R.A.P. 1925(b)(4)(vii) ("This Court will not consider a claim of error when

- 15 -

an appellant fails to raise the claim in the trial court at a time when the error could have been corrected" and "issues not included in an appellant's Rule 1925(b) [s]tatement are waived."). Instead, Appellant raises the SVP issue for the first time on appeal, which he cannot do. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). As such, Appellant did not properly present or preserve issues pertaining to his SVP designation and we decline to address this aspect of Appellant's claim for the first time on appeal.

For all of the foregoing reasons, we conclude that the trial court did not err or abuse its discretion in denying Appellant relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2022

---

[4] Although the trial court erroneously determined that Appellant's filing fell under the auspices of the PCRA, we affirm the trial court's opinion regarding the merits of Appellant's claim. **Commonwealth v. Singletary**, 803 A.2d 769, 772–773 (Pa. Super. 2002) ("It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself.").