J-A13020-21

2021 PA Super 179

IN THE INTEREST OF: D.C., A : IN THE SUPERIOR COURT OF
MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: D.C., A MINOR :
:
:
:
:
: No. 1376 EDA 2020

Appeal from the Dispositional Order Entered March 2, 2020
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s): CP-46-JV-0000952-2019

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.: **FILED SEPTEMBER 3, 2021**

Appellant, D.C., appeals from the March 2, 2020 Dispositional Order that placed then fifteen-year-old Appellant on probation after adjudicating him delinquent for sexually based offenses against three-year-old Z.P. ("Victim"). Appellant challenges the trial court's application of the Tender Years Hearsay Act, 42 Pa.C.S. § 5985.1, and the sufficiency of the evidence. Upon review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

The relevant factual and procedural history is as follows. Appellant lived next door to Victim's grandmother ("Grandmother"). Victim and her seven-year-old brother, J.P., often visited Grandmother's house and played with Appellant and his sister, A.C., at their house. In June 2019, Victim and J.P.

_____

[*] Former Justice specially assigned to the Superior Court.

were staying with Grandmother while their parents were on vacation. On June 15, 2019, Victim spontaneously disclosed to Grandmother that Appellant has a "big giant ketowee."[1] Trial Ct. Op., filed 9/10/20, at 6. When questioned by Grandmother, Victim disclosed that Appellant showed her his "ketowee," asked her to lick it, and asked if he could lick her "ketowee" and take something out of it, and she said no. *Id.* at 6-7. Grandmother called Victim's mother ("Mother") on the telephone and Victim disclosed similar events, adding that Appellant showed her "ketowee licking videos" and touched her "ketowee." *Id.* at 7. Victim's grandfather ("Grandfather") returned home and Victim reported similar events to Grandfather, adding that Appellant licked her "ketowee" but she refused to lick his. *Id.* at 8. Grandfather recorded the disclosure on his telephone without Victim's knowledge. Victim's brother, J.P., disclosed to Grandfather that he witnessed Appellant and Victim in Appellant's bedroom lying under a blanket and watching videos on Appellant's phone on more than one occasion.

Grandmother immediately contacted the Cheltenham Police Department, who began an investigation into Victim's allegations, and took Victim to Children's Hospital of Philadelphia for an examination. Victim also participated in two video-taped forensic interviews with Mission Kids.

---

[1] "Ketowee" is the term that Victim's family uses to refer to a penis or "other private parts." N.T., 1/6/20, at 31-32.

When Mother returned home from vacation, she again spoke with Victim about Appellant and recorded the conversation. Victim's disclosures continued to be consistent.

On December 5, 2019, the District Attorney's Office filed Written Allegations and a Petition Alleging Delinquency, which alleged that between June 1, 2019, and June 15, 2019, Appellant sexually assaulted Victim, and charged Appellant with Aggravated Indecent Assault of a Victim and related crimes. Appellant was detained at Montgomery County Youth Center pending an adjudicatory hearing. On December 24, 2019, the Commonwealth filed a Motion to Amend the Delinquency Petition ("Motion to Amend") to include additional inchoate offenses.

On December 26, 2019, the Commonwealth filed a Motion *in Limine* to Introduce Out of Court Statements of the Complainants ("Tender Years Motion") seeking to introduce (1) out of court statements made by Victim to Grandmother, Grandfather, J.P, Mission Kids Forensic Interviewer Crystal Gray, and Police Officer Kyle J. Turner and (2) out of court statements made by J.P. to Grandmother, Grandfather, and Ms. Gray pursuant to the Tender Years Hearsay Act, 42 Pa.C.S. § 5985.1. On January 2, 2020, the Commonwealth filed an addendum to the Tender Years Motion to include statements that Victim made to Mother.

On January 6, 2020, Appellant filed a Motion to Determine Competency of Minor Witness and Request for a Taint Hearing Pursuant to ***Commonwealth v. Delbridge***, 855 A.2d 27, 39 (Pa. 2003) ("Competency

Motion" and "Taint Motion," respectively). On the same day, the trial court began hearing evidence on the parties' pre-trial Motions and granted the Commonwealth's Motion to Amend in open court. The trial court heard testimony from Grandmother, Victim, Grandfather, and Mother.

On January 9, 2020, after two days of hearings, the trial court denied Appellant's Taint Motion, finding that Victim's statements were not tainted, and granted Appellant's Competency Motion, finding that Victim was incompetent to testify during the adjudicatory hearing.

Additionally, the trial court made a finding that testifying during the adjudicatory hearing would cause Victim to suffer serious emotional distress and granted the Commonwealth's Tender Years Motion regarding Victim's statements to Grandmother, Grandfather, and Mother.[2]

Beginning on January 16, 2020, the trial court held an adjudicatory hearing. The trial court incorporated testimony and exhibits from the pre-trial motion hearings and heard an additional three days of testimony. The Commonwealth presented testimony from J.P., Ms. Gray, Police Lieutenant Andrew Snyder, Police Detective Sergeant Rick Shaffer, and Police Detective

---

[2] The Commonwealth conceded that Victim's statements to law enforcement and Mission Kids were testimonial in nature and would violate the Confrontation Clause if they were admitted into evidence during the adjudicatory hearing. N.T., 1/9/20, at 97. *See Commonwealth v. Allshouse*, 36 A.3d 163, 171 (Pa. 2012) (explaining that the Confrontation Clause prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness).

Ryan Murray. Appellant testified on his own behalf, and presented testimony from Leigh D. Hagan, Ph.D., expert in forensic child clinical psychology, and Appellant's mother and father.

On January 23, 2020, the trial court adjudicated Appellant delinquent of the following acts: Involuntary Deviate Sexual Intercourse with a Child; Criminal Solicitation of Involuntary Deviate Sexual Intercourse with a Child; Indecent Assault of a Person Less than 13 Years of Age, Course of Conduct; Indecent Assault of a Person Less than 13 Years of Age; Indecent Exposure; and Open Lewdness.[3] The trial court also determined that Appellant was in need of treatment, supervision, or rehabilitation. The trial court deferred disposition pending a psychosexual evaluation.

On March 2, 2020, following a dispositional hearing, the court issued an Order that, *inter alia*, released Appellant from placement at Montgomery County Youth Center into the care of his parents, placed Appellant on probation, and required Appellant to complete a treatment program for sexual offenders.

On March 9, 2020, Appellant filed a timely Post-Dispositional Motion raising challenges to the trial court's denial of the Taint Motion, the trial court's grant of the Tender Years Motion, and the sufficiency and weight of the

_____

[3] 18 Pa.C.S. §§ 3123(b), 902(a), 3126(a)(7) and (b)(3)(ii), 3126(a)(7), 3127(a), and 5901, respectively.

evidence. The Commonwealth filed a Response and on June 15, 2020, the trial court denied Appellant's Post-Dispositional Motion.[4]

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**ISSUES RAISED ON APPEAL**

Appellant raises the following issues for our review:

1. Whether the trial court erred when it ruled that [Victim] was "unavailable" as a witness pursuant to the Tender Years Hearsay [Act] (42 Pa.C.S.[] § 5985.1) because the evidence that could be considered by the trial court did not support a finding of severe emotional distress?

2. Whether the trial court erred when it ruled that the time, content, and circumstances of [Victim]'s hearsay statements to [Grandmother] provided an indicia of reliability sufficient enough to permit their admission into evidence pursuant to the Tender Years Hearsay [Act] (42 Pa.C.S.[] § 5985.1)?

3. Whether the trial court erred when it ruled that the time, content, and circumstances of [Victim]'s hearsay statements to [Grandfather] provided indicia of reliability sufficient enough to permit their admission into evidence pursuant to the Tender Years Hearsay [Act] (42 Pa.C.S.[] § 5985.1)?

4. Whether the trial court erred when it ruled that the time, content, and circumstances of [Victim]'s hearsay statements to [Mother] provided indicia of reliability sufficient enough to permit their admission into evidence pursuant to the Tender Years Hearsay [Act] (42 Pa.C.S.[] § 5985.1)?

5. Whether the trial court erred in denying [Appellant]'s Taint Motion because [Victim]'s youthful fragile mind was tainted by the many conversations and interviews that occurred in her

---

[4] Soon after Appellant filed his Post-Disposition Motion, our Supreme Court extended all time limits and filing deadlines due to the COVID-19 pandemic; all filings were deemed timely if filed by June 15, 2020.

presence following the time at which the police were called on June 15, 2019?

6. Whether the evidence was insufficient to support the trial court's adjudication of delinquency as to Count VI, 18 Pa.C.S.[] § 3126(a)(7), a Felony of the Third Degree, because it was not demonstrated beyond a reasonable doubt that there had been a repeated course of conduct of [I]ndecent [A]ssault by [Appellant]?

7. Whether the evidence presented at trial was sufficient to support the trial court's adjudication of delinquency on all charges because when looking at all of the evidence in a light most favorable to the prosecution, there is a reasonable doubt as to whether or not the alleged sexual assault occurred?

8. Whether the trial court's adjudication of delinquency as to []all counts was against the weight of the evidence because the trial court abused its discretion in rendering an adjudication of delinquency?

Appellant's Br. at 5-6.

**LEGAL ANALYSIS**

Our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants broad discretion to juvenile courts when determining an appropriate disposition. *In re C.A.G*., 89 A.3d 704, 709 (Pa. Super. 2014). We will not disturb the juvenile court's disposition absent a manifest abuse of discretion. *In Interest of J.G.*, 145 A.3d 1179, 1184 (Pa. Super. 2016).

**<u>Tender Years Motion</u>**

In his first four issues, Appellant avers that the trial court erred in its application of the Tender Years Hearsay Act. Appellant's Br. at 5. Specifically, Appellant argues that the trial court erred in determining that Victim was unavailable to testify and by subsequently admitting the Victim's out-of-court

statements through the hearsay testimony of Grandmother, Grandfather, and Mother. *Id.*

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Tyson***, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*) (citations omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." ***Commonwealth v. Strafford***, 194 A.3d 168, 173 (Pa. Super. 2018) (citation omitted).

The Tender Years Hearsay Act creates an exception to the general rule against hearsay for a statement made by a child who was twelve years old or younger at the time of the statement. 42 Pa.C.S. § 5985.1(a).[5] Relevant to this appeal, a court may admit a child-victim's out-of-court statement for the truth of the matter asserted when (1) "the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content[,] and circumstances of the statement provide sufficient indicia of reliability;" and (2) the child "is unavailable as a witness." 42 Pa.C.S. § 5985.1(a)(1)(i), (ii)(B).

To make a finding that the child is unavailable as a witness, "the court must determine, based on evidence presented to it, that testimony by the

---

[5] Effective August 30, 2021, the Tender Years Hearsay Act creates an exception to the general rule against hearsay for a statement made by a child who is **sixteen** years old or younger at the time of the statement. ***See*** 2021 Pa. Legis. Serv. Act 2021-29 (H.B. 156).

child as a witness will result in the child suffering **serious emotional distress** that would substantially impair the child's ability to reasonably communicate." 42 Pa.C.S. § 5985.1(a.1) (emphasis added). Pursuant to the statute, in making this finding, the trial court may "[o]bserve and question the child, either inside or outside the courtroom." *Id.* at (a.1)(1). The Court may also rely on testimony "of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting." *Id.* at (a.1)(2). "These possible avenues of inquiry are merely advisory, not mandatory." *Fidler v. Cunningham-Small*, 871 A.2d 231, 237 (Pa. Super. 2005). However, if the court hears testimony, Subsection a.2 provides that the parties' attorneys have a right to be present but "if the court observes or questions the child, the court shall not permit the defendant to be present." 42 Pa.C.S. § 5985.1(a.2)(1), (2).

## Tender Years Motion – Victim Unavailable to Testify

Appellant first claims that the trial court abused its discretion when it made a finding that Victim was "unavailable" to testify pursuant to the Tender Years Hearsay Act. Appellant's Br. at 26. Appellant avers that the following evidence was insufficient for the trial court to conclude that the victim would suffer serious emotional distress if she were to testify: (1) Mother's testimony that Victim "shuts down" when discussing Appellant in therapy sessions, (2) the trial court's finding that Victim was incompetent, and (3) the trial court's observations of Victim. *Id.* at 26, 29-31, 36-37. We disagree and address each averment *seriatim*.

First, Appellant references Mother's testimony that Victim "shuts down" and argues this "single phrase, originating from a leading question without any follow up, or even support from the actual therapist," was insufficient to find that Victim would suffer serious emotional distress if required to testify about this incident. *Id.* at 30. Our review of the record belies Appellant's claim.

During the pre-trial hearing, the trial court heard testimony from Mother that Victim is engaged in therapy, that the facts of this case are "not at all" something that Victim wants to talk about, and Mother confirmed that Victim "shuts down" if "the topic gets anywhere close to [Appellant] and what happened." N.T. Motions Hearing, 1/9/20, at 68. In addition, the trial court heard testimony from Grandmother that Victim is "very sensitive[.]" N.T. Motions Hearing, 1/6/20, at 55. Finally, during the competency portion of the hearing, the trial court was able to question and observe Victim directly.

The trial court concluded that Victim "was unavailable to testify as a witness, pursuant to Section (a)(1) of the [Tender Years Hearsay Act], based on the serious emotional distress that would impair her ability to communicate with the court about these events." Trial Ct. Op. at 18. The trial court explained that it relied on testimony from Mother and "two other custodians," the court's observations of Victim, and the court's finding that Victim lacked competency to testify in reaching its conclusion. N.T. Hearing, 1/9/20, at 104; Trial Ct. Op. at 18. The trial court did not rely solely on Mother's testimony; it simply considered it as one factor out of many when making its

- 10 -

determination. The record supports the trial court's findings, and we find no abuse of discretion.

Appellant next argues that it was improper for the trial court to consider Victim's lack of competency in the court's application of the Tender Years Hearsay Act, but he does not cite any legal authority in support of his argument. Appellant's Br. at 36-37. We acknowledge that "a child's competency to testify as a witness under Rule 601 is a distinct issue from the admissibility of a child's out-of-court statements under the [Tender Years Hearsay Act]." ***Commonwealth v. Walter***, 93 A.3d 442, 452 (Pa. 2014). However, as discussed above, the trial court did not rely solely on Victim's lack of competency, and simply considered it as one factor out of many when making its determination. The record supports the trial court's findings, and we find no abuse of discretion.

Finally, Appellant argues that the trial court erred when it observed and questioned Victim with Appellant present in the courtroom. Appellant's Br. at 33-34. Appellant avers that the plain language of the Tender Years Hearsay Act mandates that "[i]f the court observes or questions the child, the court shall not permit the defendant to be present." ***Id.*** at 33 (citing 42 Pa.C.S. § 5985.1(a.2)(2)). Appellant's counsel contends that Appellant's presence in the courtroom likely affected Victim's testimony and demeanor, and thus, the trial court rendered a decision based on improper evidence. ***Id.*** at 35. This claim of error is waived.

It is well settled that "[f]ailure to timely object to a basic and fundamental error will result in waiver of that issue." ***In Interest of A.W.***, 187 A.3d 247, 252-53. (Pa. Super. 2018) (citation omitted). This court will not consider a claim of error when an appellant fails to raise the claim in the trial court at a time when the error could have been corrected. ***Id.*** at 253; ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, issues not included in an appellant's Rule 1925(b) Statement are waived. Pa.R.A.P. 1925(b)(4)(vii).

Instantly, the trial court held a hearing to address multiple pre-trial motions, including a Competency Motion, a Taint Motion, and a Tender Years Motion. Victim testified with Appellant present in the courtroom and Appellant failed to object. N.T. Hearing, 1/9/20, at 3-19. Also, Appellant failed to raise this specific issue in his Rule 1925(b) Statement and the trial court did not address it. Thus, Appellant has waived review of this claim.

**Tender Years Motion – Sufficient Indicia of Reliability in Victim's Statements**

In his second, third, and fourth issues Appellant avers that there was not a sufficient indicia of reliability in the statements that Victim made to Grandmother, Grandfather, and Mother to meet the requirements of 42 Pa.C.S. § 5985.1(a)(1). Appellant's Br. at 38. Appellant argues that Victim's June 15, 2020 statements to Grandmother, Grandfather, and Mother lack a particularized guarantee of trustworthiness because the Victim made

inconsistent statements. *Id.* at 39-42. Appellant asserts that Victim's June 24, 2020 statements to Mother also lack trustworthiness because Victim's brother, J.P., was present and Victim often repeated J.P.'s answers to questions. *Id.* at 43-45.

Pursuant to the Tender Years Hearsay Act, a trial court must consider the totality of the circumstances when determining whether a child's out-of-court statement is trustworthy. *Commonwealth v. Lyons*, 833 A.2d 245, 253 (Pa. Super. 2003). The statute requires "indicia of reliability" which "include, *inter alia*, the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age, and the lack of a motive to fabricate." *Strafford*, 194 A.3d at 173 (citation and internal quotation marks omitted).

The trial court found that Victim's statements to Grandmother were spontaneous, that the statements described actions and used terms—namely licking "ketowee"—that were unexpected from a child Victim's age, and that Victim had no motive to fabricate. Trial Ct. Op. at 19. The trial court also found that Victim's statements to Grandfather were "matter of fact" and unprompted, spoken in Victim's own words, were consistent with Victim's disclosures to Grandmother, and that Victim did not have a motive to fabricate. *Id.* at 20. Moreover, the court found that Victim's statements to Mother on both dates were spontaneous and consistent with other disclosures. *Id.* at 20-21. The trial court found that when Victim was making statements

on both occasions, Mother did not become emotional or reactive, did not ask leading questions, and did not suggest information to Victim. *Id.*

The trial court also found that, although Victim was found incompetent to testify, Victim was competent to perceive the disclosed events and relay them to family members at the time that they occurred. The trial court opined:

> [Victim]'s disclosures to these three family members were consistent and corroborated by each other. Although the court determined that [V]ictim was not competent to testify in court at the time of the trial, the court explicitly determined that at the time she made the statements in June 2019, [V]ictim was capable of perceiving the events that occurred, accurately remembering them[,] and relating them to others truthfully.

*Id.* at 21. Our review the record reveals that the trial court engaged in a proper analysis and found Victim's statements to be reliable and trustworthy. The trial court's findings are supported by the record, and we discern no abuse of discretion.

## Taint Motion

In his fifth issue, Appellant avers that the trial court erred when it denied Appellant's taint motion because Victim's "youthful fragile mind was tainted by the many conversations and interviews that occurred in her presence." Appellant's Br. at 5-6, 45. We conclude Appellant waived this issue.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). *See* Pa.R.A.P. 2119

(listing argument requirements for appellate briefs). This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted). Appellant's argument in support of this issue is substantially underdeveloped. In his Brief, Appellant provides a three-paragraph argument that fails to cite any relevant legal to support his arguments and fails to provide citations to the record. This severely hampers our ability to conduct meaningful appellate review and we are constrained to find this issue waived.

**Indecent Assault as a Felony of the Third Degree**

In his sixth issue, Appellant avers that the Commonwealth presented insufficient evidence to support the trial court's adjudication of delinquency as to Indecent Assault as a felony of the third degree. Appellant's Br. at 46. Appellant concedes that the Commonwealth presented sufficient evidence to prove the elements of Indecent Assault. *Id.* at 47. However, Appellant raises a challenge to the grading of the offense as a felony of the third degree, which requires proof that there has been a course of conduct of indecent assault. *Id.* Appellant argues that the Commonwealth did not provide sufficient evidence to demonstrate that Appellant engaged in a repeated course of conduct. *Id.* at 47-49. Appellant's claim fails.

It is well settled that when this Court reviews a challenge to the sufficiency of the evidence, "we must determine whether the evidence

- 15 -

admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense . . . beyond a reasonable doubt." *In re K.A.T., Jr.*, 69 A.3d 691, 696 (Pa. Super. 2013) (citation omitted). Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact-finder is free to believe all, part, or none of the evidence presented at trial." *Id.* (citation omitted).

To prove the crime of indecent assault, the Commonwealth had to prove beyond a reasonable doubt that Appellant had "indecent contact with the complainant [or] cause[d] the complainant to have indecent contact with" Appellant, and that "the complainant is less than 13 years of age[.]" 18 Pa.C.S. § 3126(a)(7). Where indecent assault is graded as a felony of the third degree, there is an additional element that must be proven beyond a reasonable doubt: that "[t]here has been a course of conduct of indecent assault by the person." *Id.* at (b)(3)(ii). "Indecent contact" is defined as: "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. This Court has held that the phrase "'course of conduct' . . . imposes a requirement of multiple acts over time." *Commonwealth v. Kelly*, 102 A.3d 1025, 1031 (Pa. Super. 2014).

The trial court made findings that Appellant committed multiple acts of indecent assault of Victim over time, including in the "ballroom"[6] and in Appellant's bedroom. Trial Ct. Op. at 26-27. In its Opinion, the trial court emphasized the testimony that supported these findings:

> [Grandmother] testified that [Victim] talked of "yesterdays" when describing what Appellant did to her and Grandmother explained that Victim referred to the past as "yesterday." One of the "yesterdays" that [Victim] described to [G]randmother was when Appellant was with [Victim] in the "ballroom" of Appellant's house and her told her she had something in her "ketowee" and he had to take it out. In addition, [Grandfather] testified that when [Victim] was telling him about what happened with Appellant he "got the impression that it was something that was ongoing" and that it happened more than one time. . . . J.P. testified in court that he saw Appellant with [Victim] in Appellant's bedroom more than one time. Specifically, he recalled seeing them on top of Appellant's bed more than one time, and seeing them between the bed and windowsill one time.

*Id.* at 27 (internal citations omitted). The trial court concluded, "[c]ollectively, this evidence, when viewed in the light most favorable to the Commonwealth, demonstrated that Appellant had engaged in conduct constituting indecent assault on more than one occasion." *Id.* at 28. We agree. We decline to reweigh the evidence and, thus, find no abuse of discretion.

---

[6] Victim referred to a room in Appellant's home that has a foosball table and a pool table as the "ballroom." Trial Ct. Op. at 7 n.18.

**Sufficiency of the Evidence**

In his seventh issue, Appellant challenges the sufficiency of the evidence, averring that the evidence was insufficient to support Appellant's adjudication of delinquency on all charges. We find this issue to be waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that, in a statement of matters complained of on appeal, an appellant "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge," and issues that are not properly raised are deemed waived. Pa.R.A.P. 1925(b)(4)(ii), (vii). This Court has repeatedly stated, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements [of the challenged offense] upon which the appellant alleges that the evidence was insufficient." ***In Interest of J.G.***, 145 A.3d at 1189 (citation omitted). Such specificity is particularly important in cases where an appellant is convicted of multiple crimes and each crime contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. ***Id.***

The court adjudicated Appellant delinquent for six separate crimes, each of which contained numerous elements. In his Rule 1925(b) Statement, Appellant failed to specify which elements of which crimes he is challenging

for lack of sufficient evidence.  We conclude Appellant has, thus, waived this issue.[7]

## Weight of the Evidence

Finally, Appellant raises a challenge to the weight of the evidence.  In his Brief, Appellant asserts that if this Court concludes that the Victim's hearsay statements were improperly admitted into evidence, then the verdict would be against the weight of the evidence.  Appellant's Br. at 50-51. Appellant's three-sentence argument is woefully underdeveloped.  It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion.  **Commonwealth v. Johnson**, 985 A.2d 915, 925 (Pa. 2009).  As discussed above, Victim's hearsay statements were properly admitted into evidence, which renders Appellant's argument moot. Without more, Appellant's claim fails.

## CONCLUSION

In sum, the court did not abuse it its discretion in its application of the Tender Years Hearsay Act and, thus, the trial court properly admitted Victim's

---

[7] Likewise, Appellant fails to develop this issue properly in his Brief by again failing to specify which elements of which crimes he is challenging for lack of sufficient evidence.  Accordingly, even if he had preserved this claim, he waived it for lack of development.  **See** Pa.R.A.P. 2119(a), (b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief); **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (stating failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue).

hearsay statements into evidence.  Moreover, our review of the record in the light most favorable to the Commonwealth demonstrates that the Commonwealth presented sufficient evidence to prove Indecent Assault as a felony of the third degree.  We, thus, affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/3/2021