J-A23003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.P.J. , A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  G.P.J., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1099 MDA 2021 |

Appeal from the Dispositional Order Filed July 28, 2021
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s):  CP-21-JV-0000042-2021

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: DECEMBER 2, 2022**

G.P.J. appeals from the dispositional order which adjudicated him delinquent for acts constituting involuntary deviate sexual intercourse ("IDSI") with a child, indecent assault of a person less than thirteen years of age, indecent assault by threat of forcible compulsion, and indecent exposure. We affirm.

We provide the following procedural history.  The Commonwealth filed a delinquency petition against Appellant in 2019, when he was thirteen years old.  The Commonwealth charged Appellant with the aforementioned crimes based on allegations that Appellant had committed sexual acts against F.H. and W.H.[1]  Appellant's mother was dating the father of F.H. and W.H., who

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant was also charged with IDSI by threat of forcible compulsion, but that charge was subsequently withdrawn.

were five years old and eight years old, respectively, at the time of the alleged acts. The victims disclosed the acts to their mother on July 26, 2019. As part of the underlying investigation, F.H. and W.H. were interviewed individually on August 12, 2019, at the Children's Resource Center ("CRC").

On January 19, 2021, Appellant appeared for a two-day adjudication hearing in Dauphin County. The Commonwealth presented the testimony of F.H., W.H., the victims' mother, and Detective Daniel Smeck. Additionally, the Commonwealth introduced the video recordings of the CRC interviews ("CRC videos"). Trial counsel stated that she had no objection to the CRC videos. *See* N.T. Adjudication, 1/19-20/21, at 159-60. Appellant was found to have committed the abovementioned delinquent acts and the matter was transferred to Cumberland County, where Appellant resides. On July 28, 2021, the juvenile court filed the underlying adjudicatory/dispositional order, placing Appellant on probation and ordering him to, *inter alia*, pay court costs, perform a minimum of twenty-five hours of community service, and comply with recommended counseling.

Appellant timely filed a notice of appeal. Both Appellant and the juvenile court have complied with Pa.R.A.P. 1925.[2] Appellant presents the following issues for our consideration:

---

[2] In the juvenile court, Appellant sought an extension of time to file his concise statement as he had not yet received the necessary transcripts. The juvenile court granted the extension but nonetheless filed a statement in lieu of an opinion, prior to the expiration of the extension, based on Appellant's failure
*(Footnote Continued Next Page)*

I.      Did the Commonwealth fail to provide notice of its intention to admit into evidence out-of-court statements made by the juvenile victim and juvenile witness pursuant to 42 Pa.C.S. § 5985.1(a)?

II.     Did the [c]ourt err in allowing the admissibility of the out-of-court statements made by the alleged juvenile victim and juvenile witness pursuant to 42 Pa.C.S. § 5985.1(a) when it did not require proof that the Commonwealth filed the necessary notice and, further, did not hold an in-camera hearing as required by the statute?

III.    Was trial counsel ineffective when she failed to object to the admission of the CRC video interviews of the alleged juvenile victim as the Commonwealth failed to provide the required notice under the statute and [c]ounsel failed to object to the [c]ourt's failure to hold an in-camera hearing?

Appellant's brief at 5.

This Court has summarized the applicable law as follows. "Our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants broad discretion to juvenile courts when determining an appropriate disposition. We will not disturb the juvenile court's disposition absent a manifest abuse of discretion." *Int. of D.C.*, 263 A.3d 326, 332-33 (Pa.Super. 2021) (cleaned up).

The admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial

---

to file a concise statement. Upon receipt of the juvenile court's statement, the certified record was transmitted to this Court and we issued a briefing schedule. Concurrently, the juvenile court realized its error and rescinded its prior statement. Appellant filed a motion in this Court to vacate the briefing schedule so Appellant could file a concise statement and the juvenile court could file a responsive Rule 1925(a) opinion. This Court granted Appellant's motion. As noted, Appellant and the juvenile court have now complied, and the matter is now ripe for review.

court clearly abused its discretion. Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Id*. at 333 (cleaned up).

The issue central to this appeal is the propriety of the CRC videos. At the outset, we observe that the CRC videos were not included in the certified record originally transmitted to this Court, despite the videos being entered as exhibits during the adjudication hearing. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. Bongiorno**, 905 A.2d 998, 1000 (Pa.Super. 2006) (*en banc*). Nonetheless, this Court took it upon itself to attempt to obtain the CRC videos. As a result of an inquiry by this Court's prothonotary, the CRC video for F.H. has been transferred to this Court as a supplemental record. However, our informal efforts to secure the CRC video for W.H. were unsuccessful and we do not believe a remand for its inclusion will render a different result.[3] **See** Pa.R.A.P. 1926. While this Court's review of the matter is somewhat impeded by the lack of a CRC video for

---

[3] The juvenile court relayed to the prothonotary's office that it did not have a video for W.H. because he was not a victim. However, W.H. is listed as the victim in the petition charging Appellant with indecent exposure, of which Appellant was adjudicated delinquent. **Accord** Juvenile Court Opinion, 1/31/22, at 9 (finding evidence sufficient to support Appellant's adjudication for indecent exposure as to W.H.).

W.H.,[4] we observe that "[a]n appellant should not be denied appellate review if the failure to transmit the entire record was caused by an extraordinary breakdown in the judicial process." **Bongiorno**, **supra** at 1001 (cleaned up). Where the video was clearly admitted and published to the juvenile court, but the juvenile court no longer has it, we will consider its omission from the certified record the result of an extraordinary breakdown in the judicial process and proceed to the merits.

Appellant's first two issues challenge the admission of the CRC videos pursuant to the Tender Years Hearsay Act ("TYHA"). However, the juvenile court explained in its Rule 1925(a) opinion that the TYHA is inapplicable because it admitted the CRC videos as prior consistent statements. Regardless of the reason for admission, as noted *supra*, trial counsel expressly declined to object to their admission. "It is settled that an appellant's failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal." **Commonwealth v. Radecki**, 180 A.3d 441, 455 (Pa.Super. 2018) (cleaned up). Having waived any challenge to the admission of the CRC videos by failing to object at the adjudication hearing, "it is appropriate to review them only as they relate to Appellant's claim of ineffective assistance of counsel."[5] **In re A.D.**, 771 A.2d 45, 50 (Pa.Super. 2001) (*en banc*).

---

[4] Appellant implies the CRC videos were consistent with the victims' testimony at the adjudication hearing. **See** Appellant's brief at 13, 16.

[5] We address the merits of Appellant's ineffective assistance of counsel claim on direct appeal because the Post Conviction Relief Act is not available to juveniles. **See In re R.D.**, 44 A.3d 657, 664 n.3 (Pa.Super. 2012).

Appellant generally argues that trial counsel was ineffective for failing to object to the admissibility of the CRC videos, the Commonwealth's failure to provide notice that it would seek to introduce the CRC videos, and the court's failure to conduct an *in camera* hearing. **See** Appellant's brief at 16-17. Preliminarily, we note that Appellant's two-and-a-half-page argument contains no citations to any legal authority. **See** Appellant's brief at 16-18. "[A]rguments in an appellate brief not appropriately developed or lacking citation to pertinent authority are waived." **In re R.D.**, 44 A.3d 657, 677 (Pa.Super. 2012). Even if not waived, Appellant is not entitled to relief. Counsel is presumed effective and the appellant bears the burden of proving ineffectiveness. **Id**. at 664.

> [I]n reviewing ineffectiveness claims, we must first consider whether the issue underlying the charge of ineffectiveness is of arguable merit. If not, we need look no further since counsel will not be deemed ineffective for failing to pursue a meritless issue. If there is arguable merit to the claim, we must then determine whether the course chosen by counsel had some reasonable basis aimed at promoting the client's interests. Further, there must be a showing that counsel's ineffectiveness prejudiced Appellant's case. The burden of producing the requisite proof lies with Appellant.

**Id**. (cleaned up).

Instantly, Appellant's ineffective assistance of counsel arguments hinge on the procedure surrounding the admission of the CRC videos pursuant to the strictures of the TYHA. However, the juvenile court found that "[r]aising an objection over the [TYHA] would be meritless and ha[ve] no reasonable basis because the CRC videos were offered to prove prior consistent

statements and were not offered for the truth of the matters asserted." Juvenile Court Opinion, 1/31/22, at 10. Since the CRC videos were not admitted pursuant to the TYHA, but rather as prior consistent statements, any challenge to the lack of adherence to the strictures of the TYHA would fail *ab initio*. As counsel will not be deemed ineffective for failing to pursue a meritless claim, Appellant has not met his burden with respect to the first prong. **See In re R.D.**, **supra** at 664. Accordingly, he is not entitled to relief on his ineffective assistance of counsel claim.

Based on the foregoing, we affirm the order adjudicating Appellant delinquent.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2022