J-S42045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME LOVELACE | : | |
| | : | |
| Appellant | : | No. 598 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 3, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002823-2017

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 25, 2024**

Appellant Jerome Lovelace appeals from the judgment of sentence entered by the Philadelphia County Court of Common Pleas on October 3, 2019, following the court's March 2, 2023 order granting Appellant permission to appeal *nunc pro tunc*.  Appellant challenges the trial court's admission of the minor victim's out-of-court statements under the Tender Years Exception to the rule against hearsay, 42 Pa.C.S. § 5985.1.  After careful consideration, we affirm.

The factual and procedural history is as follows.  The minor victim, A.K. ("Child") is the daughter of M.K. ("Father") and M.J. ("Mother").  Mother and Father had joint custody of Child and her brother, with Father having custody every other weekend.

On February 10, 2017, Father picked up Child, who was then six years old, from Mother's residence at approximately 10:00 p.m.  On the next

morning, Father brought Child to Children's Hospital of Philadelphia after Child showed Father blood in the toilet after she had used the bathroom. Doctors determined that Child had a laceration in her genital area that was actively bleeding.

Father told emergency room personnel that Child initially stated that "she didn't know" what caused the injury and later claimed to Father that "she had fallen from a shopping cart[,]" before subsequently stating that "she had been touched by two people living in [Mother's] home." N.T. Trial, 7/26/19, at 20-21. Child told Father and detectives that the two people that touched her were Child's aunt, Adrienne, and Adrienne's boyfriend, Appellant, whom Child called "Mr. Butter." *Id.* at 70-71.

Based upon these allegations, the Commonwealth charged Appellant with various crimes related to Child's injury. On April 21, 2018, the Commonwealth filed a motion *in limine* to introduce Child's out-of-court statements under the Tender Years Exception.

On July 26, 2019, Appellant waived his right to a jury trial and proceeded to a bench trial. At trial, Child testified that her injury resulted from a fall from a shopping cart onto the floor and denied that anyone had touched her "anywhere where she felt uncomfortable[.]" *Id.* at 43, 54. She asserted that she "almost landed on her face" when she fell off the cart and that the part of her body that touched the floor was the part where she "go[es] to the bathroom." *Id.* at 131-32.

In contrast, Dr. Joanne Wood, a specialist in child abuse pediatrics who examined Child at the hospital, testified that Child's injury was not "consistent with a fall[,]" absent an assertion that the Child fell onto an object. *Id.* at 22-23. She explained that the injury was "the type of injury we most commonly see due to sexual abuse." *Id.* Dr. Wood opined that the abuse likely occurred one or two days before Child's examination in the emergency room, given that the laceration was still bleeding at that point. *Id.* at 25-26.

Father also testified at trial. Father recounted that Child initially told Father that she did not know how she was injured and then claimed that she fell off a shopping cart. *Id.* at 66-67. According to Father, when detectives were at the hospital later that evening, Child asked Father if he wanted her to tell the truth about what happened, to which Father responded affirmatively. *Id.* at 69-70. Father asserted that Child then said that Adrienne and Mr. Butter had touched "her private." *Id.* at 71-72. Father said she looked sad when she said this. *Id.* at 73. Father alleged that Child later repeated the assertion to the detective. Appellant's counsel objected to Father's recounting of the conversations as hearsay. *Id.* at 70.

Father also testified that Child told him on their way to court that Mother told her to "stick to I fell on the shopping cart." *Id.* at 94. Following this revelation, the Commonwealth recalled Child, who provided conflicting testimony as to when she had last spoken to Mother, initially stating that she spoke to Mother "a couple weeks ago" and later saying that she spoke to Mother on "Tuesday." *Id.* at 121. Child said that Mother told her to "tell the

truth" at court and responded affirmatively when asked if Mother told her "the truth was that you fell off a shopping cart[.]" ***Id.*** at 124.

Following the bench trial, the trial court found Appellant guilty of one count each of Aggravated Indecent Assault of a Child, Indecent Assault of Person Less than 13 Years of Age, and Endangering the Welfare of a Child.[1] On October 3, 2019, the trial court sentenced Appellant to an aggregate term of 8 to 16 years of incarceration followed by five years of probation, in addition to lifetime registration under the Sexual Offender Registration and Notification Act. Appellant did not file a post-sentence motion or a direct appeal.

On September 30, 2020, Appellant filed, *pro se*, a timely Post Conviction Relief Act ("PCRA") petition, and appointed counsel filed an amended petition seeking reinstatement of his direct appeal rights.[2] On May 17, 2022, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellate counsel, however, did not file a notice of appeal prior to June 16, 2022, the expiration of the thirty days for filing an appeal pursuant to Pa.R.A.P. 903(a).[3]

_____

[1] 18 Pa.C.S. §§ 3125(b), 3126(a)(7); and 4304(a)(1), respectively.

[2] 42 Pa.C.S. §§ 9541-46. While the Honorable Jeffrey Minehart presided over the trial, the Honorable Scott DiClaudio adjudicated the PCRA proceedings.

[3] On July 12 2022, the trial court *sua sponte* entered an order reinstating Appellant's direct appeal rights. Based on this order, Appellant filed a notice of appeal, and Appellant and the trial court complied with Pa.R.A.P. 1925. On November 15, 2022, this Court deemed the July 2022 reinstatement a nullity because Appellant had not filed a PCRA petition seeking reinstatement of his appellate rights following the June 16, 2022 expiration of the appeal period. *(Footnote Continued Next Page)*

- 4 -

On January 20, 2023, Appellant filed a counseled PCRA petition seeking, *inter alia*, reinstatement of his appellate rights *nunc pro tunc*.[4]  The PCRA court granted reinstatement on March 2, 2023.[5]

Appellant raises the following issue before this Court:

Did the court err by admitting as substantive evidence testimony of third[-]party witnesses attributing statements to [Child] that [Child] said she was sexually assaulted by [Appellant]?

Appellant's Br. at 3.

## A.

As Appellant challenges the admission of evidence, we reiterate that "[t]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *In the Interest of D.C.*, 263 A.3d 326, 333 (Pa. Super. 2021) (internal quotation marks, brackets, and citation omitted).  We will not find an abuse of discretion absent demonstration that the "ruling reflects manifest

---

Accordingly, this Court quashed the July 2022 appeal, finding that Appellant's appeal was untimely.

[4] We observe that Appellant timely filed his January 2023 PCRA Petition because he filed it within one year of June 16, 2022, the expiration for the appeal period following the initial May 17, 2022 reinstatement of his appellate rights.  *See Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014) (holding that the time for filing a PCRA petition begins "30 days after order reinstating direct appeal rights *nunc pro tunc*"); 42 Pa.C.S. § 9545(b)(1) (requiring that all PCRA petitions "shall be filed within one year of the date the judgment becomes final, unless the petition alleges" one of three exceptions).

[5] A docket entry on March 7, 2023 indicates that the trial court's Pa.R.A.P. 1925(a) opinion, filed on September 19, 2022, would apply to the instant appeal.

unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Id.* (citation omitted).

Pennsylvania's Rules of Evidence provide that "[h]earsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. One such exception is the Tender Years Exception, which provides for the admissibility of "[a]n out-of-court statement made by a child victim or witness, who at the time the statement was made was 16 years of age or younger, describing[,]" *inter alia*, offenses set forth in the Crimes Code under "Chapter 31 (relating to sexual offenses)" or "Section 4304 (relating to endangering welfare of children), if the offense involved sexual contact with the victim." 42 Pa.C.S. § 5985.1(a)(1), (2).[6]

To be admissible under this exception, the court must first find "that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability" and that the child either "testifies at the proceeding" or "is unavailable as a witness." 42 Pa.C.S. § 5985.1(a)(1). This Court has held that "indicia of reliability" for purposes of this exception "include, *inter alia*, the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age, and the lack of a motive to fabricate."

---

[6] At the time of trial, the Tender Years Exception applied to children under 12 years of age, which would be equally applicable to Child who was eight at the time of trial.

*Commonwealth v. Strafford*, 194 A.3d 168, 173 (Pa. Super. 2018) (citation, brackets, and internal quotation marks omitted).

The Tender Years Exception also requires that "the proponent of the statement notif[y] the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding[,]" which the Commonwealth did in the instant case by filing its motion *in limine.* 42 Pa.C.S. § 5985.1(b).

**B.**

Appellant contends that the trial court erred in admitting Child's out of court statements to Father under the Tender Years Exception to the rule against hearsay. Appellant's Br. at 20-24. Appellant, however, fails to provide coherent argument to support his claim. Instead, Appellant reproduces six paragraphs of the trial court's opinion setting forth its reasons for admitting the testimony under the Tender Years Exception.[7] *Id.* at 20-23; Trial Ct. Op., 9/19/22, at 6-8. Rather than refute the court's cogent reasoning, Appellant baldly states that the court "provides no factual support" for its decision. Appellant's Br. at 23. Additionally, and in contravention of the statutory language providing for the applicability of the Tender Years Exception when a child testifies, Appellant argues that the Tender Years Exception "should not have been granted" because Child was able to testify. *Id.* at 23. Appellant's

---

[7] Appellant made minimal revisions to the court's text which do not alter the strength of the court's reasoning. Appellant sets forth the same six paragraphs in his Summary of the Argument. Appellant's Br. 15-19.

argument fails to provide relevant "discussion and citation of authorities" as required by Pa.R.A.P. 2119(a).

Moreover, upon review of the record, we conclude that the trial court did not abuse its discretion in admitting Child's out-of-court statements pursuant to the Tender Years Exception. As the trial court explained, Child's statements to Father provided sufficient indicia of reliability because her statements to Father "at the hospital w[ere] spontaneous and used appropriate language for a child of her age." Trial Ct. Op. at 7-8. The trial court also opined that Child had no reason to lie about the abuse given that Father "had previously accepted her story about falling off a shopping cart[.]" *Id.* at 8. Finally, the court noted that Child's sad demeanor was "appropriate for a child making such a statement." *Id.* As the trial court did not abuse its discretion in admitting Child's statements to Father under the Tender Years Exception, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Bowes concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/25/2024