J-A17003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JESSICA C. REITZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW L. FLOWER | : | |
| | : | |
| Appellant | : | No. 2291 EDA 2023 |

Appeal from the Order Entered August 18, 2023
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  DR-0165915,
PACSES: 523115701

BEFORE:  BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 03, 2024**

Matthew L. Flower appeals *pro se* from the order finding him in contempt for failing to pay court-ordered child support obligations to Jessica C. Reitz and imposing six months of incarceration, contingent upon Appellant paying a $900 purge condition.  Due to Appellant's failure to adequately develop the claims in his brief, we affirm.

Based on our disposition, we need not recount the factual and procedural history of this matter at length.  It suffices to state that on April 18, 2023, the domestic relations office in Northampton County filed a petition for contempt against Appellant for his failure to pay basic support to Ms. Reitz in the amount of $508 per month and arrears of $102 per month.  After several continuances, the trial court held a hearing on August 15, 2023.  The testimony bore out that Appellant failed to voluntarily remit a single payment toward his obligations from the period of December 2022 through the date of

the hearing. The court noted that Appellant "had a total costs and arrears balance of $12,589.30, having accrued shortages of $4,134.17 from December 2022 through July 2023." Trial Court Opinion, 1/25/24, at 2. Appellant's testimony further established that he was working in a limited capacity during the time in question as a floor cleaner for a brewery and as a member of the Moore Township Zoning Hearing Board.

At the conclusion of the hearing, the trial court found Appellant in willful contempt of a support order and imposed the sentence indicated above. This timely *pro se* appeal followed. The court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and he complied after being granted an extension of time. The court thereafter issued a responsive Rule 1925(a) opinion.

Appellant presents three issues for our consideration:

I.      Did [Appellant] have the ability to pay as ordered? Was the non-payment willful?

II.     Did any artificial barrier to employment exist, and if so, did [Appellant] make any attempts to resolve them?

III.    Were the purge considerations of the trial court reasonable? If so, is it a violation for the trial court to fail to provide an opportunity to payment of a purge amount prior to incarceration?

Appellant's brief at unnumbered 4 (cleaned up).

Before addressing the merits of Appellant's claims, we first look to whether his brief complies with the Pennsylvania Rules of Appellate Procedure. This Court has stated that "when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or

find certain issues to be waived." *Interest of D.C.*, 263 A.3d 326, 336 (Pa.Super. 2021) (citation omitted). Additionally, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. Finally, despite being a *pro se* litigant, Appellant is nonetheless required to abide by our appellate rules. *See Deek Investment, L.P. v. Murray*, 157 A.3d 491, 494 (Pa.Super. 2017) (stating "that *pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training, and that *pro se* litigants are bound by our procedural rules" (cleaned up)).

Our review of Appellant's unpaginated brief reveals that it does not comport with the rules of appellate procedure. Initially, it fails to include multiple sections required by Pa.R.A.P 2111, such as a statement of jurisdiction, the order in question, a statement as to the scope of review, and a summary of the argument. *See* Pa.R.A.P. 2111(a)(1), (2), (3), and (6).

Furthermore, and more critically, the brief flagrantly violates Rule 2119, concerning the argument section, via severe deficiencies in Appellant's citation to case law. Rule 2119 provides that each issue shall be "followed by such discussion and citation of authorities as are deemed pertinent[,]" and those citations must comply with Pa.R.A.P. 126.[1] *See* Pa.R.A.P. 2119(a), (b). Throughout his brief, Appellant purports to cite five Pennsylvania cases:

_____

[1] Rule 126 does not require a specific citation format, but rather dictates, in pertinent part:

*(Footnote Continued Next Page)*

1. ***Smith v. Jones***, 216 A.3d 1234 (Pa. 2018);
2. ***Johnson v. Johnson***, 198 A.3d 567 (Pa.Super. 2017);
3. ***Brown v. Green***, 180 A.3d 890 (Pa.Cmwlth. 2016);
4. ***Wilson v. Davis***, 132 A.3d 678 (Pa.Cmwlth. 2013); and
5. ***Miller v. Thompson***, 160 A.3d 456 (Pa. 2015).

Appellant's brief, generally. Appellant refers to these decisions numerous times throughout his brief to support various legal propositions, such as the appropriate standard of review for his claims and the purported doctrine of "artificial barriers" to complying with contempt orders. ***See***, ***e.g.***, Appellant's brief at unnumbered 4-9.

The problem is that not a single one of these citations corresponds to any existing Pennsylvania case, or even one remotely resembling the name provided by Appellant. Rather, two of the citations lead to decisions from the Supreme Court of Rhode Island. The other three direct the reader to opinions from the appellate courts in Connecticut. While two of the citations correspond to the start of an actual opinion, the remainder plant a reviewer into the middle of an opinion.

---

**(a)** When citing authority, a party should direct the court's attention to the specific part of the authority on which the party relies. A party citing authority that is not readily available shall attach the authority as an appendix to its filing. If a party cites a decision as authorized in paragraph (b), (c), or (d), the party shall indicate the value or basis for such citation in a parenthetical following the citation.

Pa.R.A.P. 126.

After additional scrutiny, we find it a striking coincidence that the starting page number for all five cases cited in Appellant's brief contain sequential three- or four-digit numbers. For example, **Smith v. Jones** is alleged to begin on page 1234 of the reporter, whereas **Johnson v. Johnson** is asserted to start at page 567, and so on. Additionally, it is difficult to overlook the generic commonality in the names of the various parties in all the cases (*i.e.*, Smith, Jones, Davis, and Wilson), or the happenstance that Appellant's appellate claims would be supported by legal propositions espoused in a suit purportedly between Brown and Green.

By all accounts, it appears that Appellant cites these fictional cases in an attempt to mislead this Court as to the viability and merit of his arguments on appeal. In any event, none of the legal authority identified in his brief upholds the legal principles that Appellant suggests.[2] As such, he has failed to properly support **any** of the arguments or positions he raises therein. Appellant's noncompliance has "impede[d] our ability to conduct meaningful appellate review," and accordingly, we conclude that all his issues are waived.[3]

---

[2] Moreover, the cases from the foreign jurisdictions do not address matters involving contempt of court orders, let alone the points of law Appellant attributes to them.

[3] Even if we were to consider the merits of Appellant's arguments, we conclude that he would not prevail. The trial court did not abuse its discretion in finding Appellant in willful contempt of a support order when Appellant did not remit a single voluntary payment for six months, despite working during that time. **See** Trial Court Opinion, 1/22/24, at 6. Furthermore, Appellant's challenge as
*(Footnote Continued Next Page)*

***See Interest of D.C.***, 263 A.3d at 336 (finding that the appellant waived an issue on appeal when he failed to cite any legal authority to support his arguments or provide citations to the record, hence hampering this Court's ability to conduct meaningful review).

Based on the inadequate advocacy provided by Appellant, we have no cause to disturb the trial court's order holding him in contempt.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2024

---

to the reasonableness of the $900 purge amount likewise fails because, despite his assertions, the court was not required to allow him to pay this amount in installments before imposing incarceration.