J-S48034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JONATHAN L. ACEVEDO :
:
Appellant : No. 2764 EDA 2023

Appeal from the Judgment of Sentence Entered May 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002773-2021

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 28, 2025**

Appellant, Jonathan L. Acevedo, appeals from the aggregate judgment of sentence of 18 to 36 months' incarceration, followed by 5 years' probation, imposed after he was convicted, following a non-jury trial, of corruption of minors (18 Pa.C.S. § 6301(a)(1)(ii)), indecent assault of a person less than 13 years of age (18 Pa.C.S. § 3126(a)(7)), and indecent exposure (18 Pa.C.S. § 3127(a)). Herein, Appellant solely argues that the evidence was insufficient to sustain his indecent assault conviction graded as a third-degree felony. After careful review, we affirm Appellant's judgment of sentence in part, vacate it in part, and remand for resentencing on Appellant's conviction of indecent assault.

The trial court summarized the facts of Appellant's case, as follows:

At the consolidated trial, the Commonwealth presented the testimony of the victim…, a second complainant ("N.R."), N.R.'s mother, … and Philadelphia Police Officer Tyrone Green. The

defense presented the testimony of [Appellant's] sister, Katherine Acevedo, as a character witness. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.

[The victim] is the younger sister of [Appellant], who is 15 years older than [the victim]. [The victim] and [Appellant], who never lived together in the same house, share the same father but not the same mother. During [the victim's] childhood, [Appellant] and [the victim] frequently visited each other and their families at their respective houses.

[The victim] testified that [Appellant] repeatedly engaged in sexual activity with her between the time that she was five and nine years old. When [the victim] was five years old and in kindergarten, [Appellant] touched her vagina with his hands while in a bathroom in [the victim's] house. [The victim] recalled that [Appellant] moved his hand in a circular motion against the skin of her vagina. [The victim] further testified that [Appellant] would ask her to do inappropriate things on other occasions, such as asking her to lift up her shirt or let him "see down there." [The victim] testified that on a different occasion in the basement of [Appellant's] house, [Appellant] pulled down his pants and masturbated in front of her. She could see his penis, which she described as hard and stiff. [The victim] did not disclose this sexual abuse until 2019, when she was fourteen years old. She described the abuse during an interview at the Philadelphia Children's Alliance.

While [Appellant] was in custody pending trial in this case, he wrote several letters to [the victim]. In one, [Appellant] wrote, "I know that the lady in the courtroom was making you say the same stuff you had told your school. I was a little mad, but more at the lady that was running her mouth." Another letter stated, "Sis, remember [and] just know that I'm not mad at you and it's really no one [sic] business on what happened between us two because no matter what I will still love you and much more XOXO." It further stated, "Rip and trash this when you [sic] done with it, sis, flush it down."

Trial Court Opinion (TCO), 12/19/23, at 2-3 (citations to the record omitted).

Based on this evidence, the trial court convicted Appellant of the above-stated crimes. Notably, his indecent assault offense under 18 Pa.C.S.

§ 3126(a)(7) (victim less than 13 years of age), which is normally graded as a first-degree misdemeanor, was graded as a third-degree felony pursuant to 18 Pa.C.S. § 3126(b)(3), discussed *infra*.   On May 26, 2023, the court sentenced Appellant to the aggregate term of incarceration and probation stated *supra*.   It also deemed him to be a sexually violent predator.   Appellant filed a timely post-sentence motion, which the court denied.   Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant raises one issue for our review: "Was the evidence insufficient to adjudicate [Appellant] guilty of Indecent Assault as a felony of the third degree?"  Appellant's Brief at 4.

> Initially, we recognize:

> It is well settled that when this Court reviews a challenge to the sufficiency of the evidence, "we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense … beyond a reasonable doubt."  *In re K.A.T., Jr.*, 69 A.3d 691, 696 (Pa. Super. 2013) (citation omitted).  Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The fact-finder is free to believe all, part, or none of the evidence presented at trial."  *Id.* (citation omitted).

*Interest of D.C.*, 263 A.3d 326, 336 (Pa. Super. 2021).

Instantly, to prove the crime of indecent assault under section 3126(a)(7), the Commonwealth had to demonstrate, beyond a reasonable doubt, that Appellant had "indecent contact with the complainant, cause[d] the complainant to have indecent contact with [him] or intentionally cause[d]

the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in [Appellant] or the complainant and[] … the complainant [was] less than 13 years of age[.]" 18 Pa.C.S. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. Here, the trial court concluded that the evidence was sufficient to prove this offense, as the victim "testified that [Appellant] touched her vagina with his hands while in a bathroom in [her] home when [she] was five years old[,]" and Appellant "moved his hand in a circular motion against the skin of her vagina" during that encounter. TCO at 10. Appellant does not dispute that the Commonwealth's evidence proved that he committed indecent assault under section 3126(a)(7).

Instead, he challenges the grading of this offense as a third-degree felony under 18 Pa.C.S. § 3126(b)(3). That provision states:

> (3) An offense under subsection (a)(7) is a misdemeanor of the first degree unless any of the following apply, in which case it is a felony of the third degree:
>
> > (i) It is a second or subsequent offense.
> >
> > (ii) There has been a course of conduct of indecent assault by the person.
> >
> > (iii) The indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person.
> >
> > (iv) The indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts.

18 Pa.C.S § 3126(b)(3).

Appellant contends that, here, his indecent assault of the victim

> did not constitute a second or subsequent offense[,] as [the victim] testified that [Appellant] had indecent contact with her on one occasion when he placed his hand on her vagina and moved it in a circular motion. Second, there was no evidence that [Appellant] engaged in a course of conduct of indecent assault as, once again, [the victim] only testified to the one incident of indecent contact. Third, [Appellant] touched [the victim's] vagina with his fingers and not his intimate part. Finally, [the victim] did not touch [Appellant's] intimate parts with her intimate parts. Thus, the evidence was insufficient to prove that [Appellant] committed indecent assault as a felony of the third degree.

Appellant's Brief at 9-10 (footnote and unnecessary capitalization omitted).

Notably, the trial court and the Commonwealth concur with Appellant that the evidence was insufficient to support the heightened grading of his indecent assault offense. *See* TCO at 11; Commonwealth's Brief at 5. We also agree. None of the aggravating factors set forth in section 3126(b)(3) are present in this case and, thus, Appellant's indecent assault conviction should have been graded as a first-degree misdemeanor.

As the Commonwealth points out, "[t]he improper gradation of an offense implicates the legality of the sentence." Commonwealth's Brief at 5 (citing **Commonwealth v. Sanchez**, 848 A.2d 977, 986 (Pa. Super. 2004)). Accordingly, Appellant's sentence for indecent assault, graded as a third-degree felony, is illegal. We therefore vacate Appellant's sentence for indecent assault, and remand for resentencing on that conviction, graded as

a first-degree misdemeanor.[1]   In all other respects, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed in part, vacated in part.  Case remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/28/2025

_____

[1]  We need not vacate Appellant's entire judgment of sentence.  As the trial court observes, vacating "the judgment of sentence imposed upon [Appellant] for indecent assault [does] not upset [its] sentencing scheme, given that the sentence of 18 to 36 months of incarceration for indecent assault was ordered to run concurrent to the sentence of 18 to 36 months of incarceration for corruption of minors."   TCO at 12 (citation omitted); **see also Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006) (stating that if our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentencing plan).