J-A12022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS PALMORE | : | |
| | : | |
| Appellant | : | No. 1384 EDA 2022 |

Appeal from the PCRA Order Entered April 21, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012494-2012

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 14, 2023**

Appellant, Curtis Palmore, appeals from the order entered April 21, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On a previous appeal, a panel of this Court summarized the relevant facts of this case as follows.

> On July 7, 2012 on the 5500 block of Harmer Street in Philadelphia, [Pennsylvania,] several members of the Howell family, who reside on that block, were having a barbeque in celebration of a birthday. Also present at the party was [Appellant,] who at the time was a close friend of one of the Howell family members who lived on the block, Charnea Howell. [During the] party, one of the members of the Howell family, Gregory, spilled a tray of grease from the grill on [Appellant]. A cousin of Charnea Howell, Nadirah Howell, offered to remedy the situation; however, [Appellant] began calling her offensive names which prompted Nadirah to throw her drink in [Appellant's] face. A scuffle ensued between [Appellant] and several male members of the Howell family. [Appellant] ran away from the cookout.

Several minutes later, [Appellant] returned to the party. He instigated another fight with the male Howell family members. [During the] fight, [Appellant] pulled a silver gun from his waist area and fired once, striking Daywone Howell in the leg. Daywone was taken to a local hospital and several hours later positively identified [Appellant] after being shown a photo array.

*Commonwealth v. Palmore*, 2017 WL 3084825, at *1 (Pa. Super. July 20, 2017) (quotation omitted).

At the conclusion of a jury trial, on October 28, 2014, Appellant was convicted of possessing a firearm while prohibited, carrying a firearm without a license, and carrying a firearm in public in Philadelphia. **Id.** "On January 20, 2015, the trial court sentenced [Appellant] to an aggregate [seven and one-half] to 15 years' incarceration." **Id.** On July 20, 2017, this Court affirmed Appellant's judgment of sentence, and our Supreme Court subsequently denied *allocatur* on January 9, 2018. **Id.**; **see also Commonwealth v. Palmore**, 178 A.3d 733 (Pa. 2018).

Appellant filed the instant PCRA petition on May 8, 2016. The PCRA court subsequently appointed counsel, but on June 25, 2019, counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Thereafter, Appellant filed a motion requesting to proceed *pro se*. A **Grazier**[1] hearing was held, after which the PCRA court granted Appellant leave to proceed *pro se*. PCRA Court Order, 9/30/19, at 1. Nonetheless, upon

_____

[1] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

Appellant's request, the PCRA court appointed Lawrence O'Connor, Esquire, ("Attorney O'Connor") to serve as standby counsel and then, on October 1, 2021, vacated Attorney O'Connor's standby status, and appointed him as Appellant's counsel. Attorney O'Connor filed an Amended PCRA petition on November 3, 2021. On March 30, 2022, the PCRA court entered an order pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, indicating its intent to dismiss Appellant's petition without a hearing. PCRA Court Order, 3/30/22, at *1-*9 (unpaginated). On April 21, 2022, the court dismissed Appellant's PCRA petition. This timely appeal followed.

Appellant raises the following issues on appeal:[2]

1. Whether the PCRA court erred by dismissing [Appellant's] PCRA petition when clear and convincing evidence was presented to establish that the trial court issued an illegal sentence by failing to calculate and include in the sentencing order [] 864 days of time credit to which [A]ppellant was entitled for the period of his pretrial incarceration?

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [A]ppellant's constitutional rights under the United States and Pennsylvania Constitutions?

3. Whether the PCRA court erred by dismissing [Appellant's] PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to present available defense evidence and witness[es]; failing to object to the introduction of hearsay evidence and the corresponding failure to ensure that the court [gave] a curative jury instruction; and failing to request and ensure the proper application of time credit on the sentencing order?

_____

[2] We have reordered Appellant's issues for ease of discussion and disposition.

- 3 -

4. Whether the PCRA court erred by dismissing [Appellant's] PCRA petition when clear and convincing evidence was presented to establish that appellate counsel was ineffective for failing to raise and preserve all appropriate claims on appeal?

5. Whether the PCRA court erred by dismissing [Appellant's] PCRA petition when clear and convincing evidence was presented to prove the existence of newly discovered evidence that would have exonerated [A]ppellant had it been available at trial?

6. Whether the PCRA court erred by failing to grant an evidentiary hearing?

Appellant's Brief at 9.

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).[3]

_____

[3] In the PCRA court's 1925(a) opinion, the court indicated that "it stated on the record the reasons for its entry of the [o]rder that is the subject of this [a]ppeal" during a hearing that was conducted on March 10, 2022. PCRA Court Opinion, 8/1/22, at 1. A review of the transcripts from the March 10, 2022 hearing reveals that the court, in essence, relied upon its 907 notice, which it believed adequately addressed Appellant's claims. *See* N.T. Hearing,
*(Footnote Continued Next Page)*

In his first issue, Appellant claims he is "entitled to have [his] judgment of sentence vacated" and to be resentenced because the trial court failed to credit him with time served prior to his trial. Appellant's Brief at 16. In particular, Appellant argues that the trial court omitted 864 days of pretrial incarceration from the sentencing order, resulting in an illegal sentence. The Commonwealth, as well as the PCRA court, concluded that Appellant's claim is not cognizable under the PCRA. We agree.

This Court previously explained:

The PCRA sets forth its scope [in pertinent part] as follows:

> This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 [Pa.C.S.A.] § 9542. … In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence.

---

3/10/22, at 3-4. "Ordinarily, the remedy for non-compliance with the Pa.R.A.P. 1925(a) is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court." **Gibbs v. Herman**, 714 A.2d 432, 435 (Pa. Super. 1998) (internal quotations and citations omitted). Although we do not approve or sanction the PCRA court's failure to comply with Rule 1925(a), our review of the court's 907 notice does, in fact, adequately apprise us of the PCRA court's reasoning in relation to the issues raised herein. We therefore decline "to delay this case further by remanding for the preparation of a 1925(a) opinion[] and proceed to review the merits of Appellant's claims." **Commonwealth v. Hood**, 872 A.2d 175, 178 (Pa. Super. 2008), *citing* **Commonwealth v. Griffin**, 785 A.2d 501, 504 (Pa. Super. 2001).

> *Commonwealth v. Masker*, 34 A.3d 841, 843 (Pa. Super. 2011) (*en banc*), *appeal denied*, 47 A.3d 846 (Pa. 2012) (case citations omitted) (emphasis [omitted]).
>
> In [*Commonwealth v. Perry*, 563 A.2d 511 (Pa. Super. 1989)], this Court held that a PCRA petition is not the proper method for contesting the [Department of Corrections' ("DOC")] calculation of sentence. *See* [*id.*] 512–[5]13. The *Perry* Court explained:
>
> > If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
> >
> > It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.[4]
>
> *Id.* (citations and emphasis omitted) (footnote added).

*Commonwealth v. Heredia*, 97 A.3d 392, 394–395 (Pa. Super. 2014) (parallel citations omitted).

Herein, a review of the certified record reveals that, at the time the trial court imposed Appellant's sentence, it specifically granted him "[c]redit" for time served, and directed "the [Philadelphia] Prison System" to calculate the

_____

[4] The PCRA was revised after this Court's decision in *Perry* to specifically permit a petitioner to challenge the legality of his or her sentence. *See* 42 Pa.C.S.A. § 9543(2)(vii); *see also Commonwealth v. Prinkey*, 277 A.3d 554, 560 (Pa. 2022) ("This Court long has held that challenges to the legality of a sentence fall within the purview of the PCRA.")

total amount. Trial Court Sentencing Order, 2/20/15, at 1. "Thus, Appellant's [claim] that he challenges the legality of his sentence is inaccurate. His real allegation of error is that the DOC failed to follow the court's sentence." *Heredia*, 97 A.3d at 395. Because Appellant is not "challenging the propriety of [his] conviction or [his] sentence,'" he has failed to raise a claim that is cognizable under the PCRA.[5] *Id.*, *citing* *Masker*, 34 A.3d at 843; *see also* *Perry*, 563 A.2d at 513. Appellant, therefore, must seek relief in the Commonwealth Court.[6]

In his second issue, Appellant raises a claim of prosecutorial misconduct. In particular, Appellant claims that the "prosecutor made improper remarks during [] his opening and closing statements, baselessly insinuating that [A]ppellant would or could bring harm to the Commonwealth's witnesses."

_____

[5] We have defined a legality of sentence claim as one that involves a sentence that is not authorized by law, a double jeopardy claim, or a claim based upon *Alleyne v. United States*, 570 U.S. 99 (2013). Appellant's claim, therefore, does not fit within this paradigm, as he seeks relief based upon an alleged improper calculation of his sentence. As such, Appellant's challenge belongs in the Commonwealth Court.

[6] In reliance on this Court's decision in *Commonwealth v. Mann*, 957 A.2d 746 (Pa. Super. 2008), Appellant claims that, because he was "incarcerated on a parole detainer and had not posted bail on his new offense, the sentencing court was obligated to credit the time served in custody prior to disposition of the new offense to the new offense." Appellant's Brief at 16. In *Mann*, this Court address a sentencing court's decision to deny "credit for time-served applied to the new sentence" and, instead, directed it to "be reserved to 'go to [the appellant's] state [parole violations].'" *Id.* at 748. As indicated above, however, the trial court's sentencing order did, in fact, include credit for time served. *See* Trial Court Sentencing Order, 2/20/15, at 1. Hence, Appellant's reliance on *Mann* is misplaced, as it is inapposite to the current matter.

Appellant's Brief at 23. In addition, Appellant claims that the Commonwealth "fail[ed] to disclose the Internal Affairs [] misconduct documents for Officer [Joseph] Cooney" and that this failure "violated [A]ppellant's constitutional right[s] as established in *Brady v. Maryland*, 373 U.S. 83 (1963)." *Id.*

Importantly,

> [t]o be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2). These errors include a constitutional violation [], which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* Additionally, [an] appellant must show his claims have not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel." 42 Pa.C.S.[A.] § 9543(a)(3), (a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.[A.] § 9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.[A.] § 9544(b).

*Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (some citation omitted).

As indicated above, Appellant currently raises fact-based claims of trial court error, including improper prosecutorial remarks and a *Brady* violation, but fails to do so within the context of a challenge to trial counsel's effectiveness. As such, Appellant could have litigated this issue on direct appeal but failed to do so. *See Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) ("At the PCRA stage, claims of trial

- 8 -

court error are either previously litigated (if raised on direct appeal) or waived (if not)."); *see also Commonwealth v. Roney*, 79 A.3d 595, 609 (Pa. 2013) ("We must note first that all of the *Brady* violations [the a]ppellant allege[d] in this [case] could have been raised at trial and/or on direct appeal." … "Accordingly, this issue is waived."). Based upon the foregoing, we conclude Appellant's second appellate issue is waived.

Appellant's third and fourth appellate issues involve allegations of ineffective assistance of counsel, set forth against both trial and appellate counsel.[7] "[C]ounsel is presumed effective, and [the appellant] bears the burden of proving otherwise." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014), *quoting Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008). To prevail on an ineffectiveness claim, an appellant must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Lesko*, 15 A.3d 345, 373–374 (Pa. 2011), *citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Failure to meet any prong of the test will defeat an ineffectiveness claim. *Commonwealth v. Rainey*, 928 A.2d 215, 224–225 (Pa. 2007). Counsel cannot be deemed

---

[7] Appellant combined these two issues in the argument section of his brief. *See* Appellant's Brief at 16-22.

ineffective for failure to assert a baseless claim. **_Commonwealth v. Payne_**, 794 A.2d 902, 906 (Pa. Super. 2002).

Furthermore, to demonstrate prejudice, Appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. **_Commonwealth v. Spotz_**, 870 A.2d 822, 833–834 (Pa. 2005). When it is clear that a petitioner's ineffective assistance claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of whether the first two prongs have been met. **_Rainey_**, 928 A.2d at 224-225; **_Commonwealth v. Albrecht_**, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that [the a]ppellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

Herein, Appellant argues that both trial counsel and appellate counsel provided ineffective assistance, citing several facets of counsels' supposed deficient performance. First, Appellant claims that trial counsel was ineffective for failing to ensure that he received "the 864[-]day time credit on the sentencing order." Appellant's Brief at 17. Appellant also challenges appellate counsel's performance on this basis. **_See_** Appellant's Brief at 21 (alleging appellate counsel was ineffective for failing "to include the legality of sentence claim in [Appellant's] appellate brief"). As addressed above, Appellant challenges the calculation of his time credit, not his entitlement to it. Such

claims are handled by the DOC and, if an error has occurred, Appellant must seek relief in the Commonwealth Court. As such, we decline to hold that trial or appellate counsel provided ineffective assistance on this basis.

Second, Appellant argues that trial counsel "fail[ed] to object to the introduction of an unsigned statement made to police by Charnea Howell" and, as such, provided ineffective assistance. Appellant's Brief at 18. In addition, Appellant claims trial counsel was ineffective for failing to "ensure the trial court g[a]ve a curative instruction to the jury prior to [its] deliberation" after the admission of the unsigned statement. *Id.* Appellant also challenges appellate counsel's effectiveness on this same basis. *See id.* at 20-21 (alleging appellate counsel failed to preserve Appellant's "hearsay claim" and "corresponding failure to provide a curative jury instruction" on appeal). In contrast to Appellant's claim, trial counsel did, in fact, object to the introduction of Charnea Howell's unsworn statement at trial. *See* N.T. Trial, 10/23/14, at 3-14. In this same vein, appellate counsel raised the following issue on Appellant's direct appeal: "Did the trial court err by overruling the objection of defense counsel to [evidence] from Charnea Howell [consisting of a] hearsay statement asserting that Appellant [] shot the complainant?" *Palmore*, 2017 WL 3084825 at *1; *see also id.* at *3 (holding that Appellant's "first issue regarding the admission of Charnea Howell's hearsay statement" was meritless). Hence, Appellant's claims that trial counsel failed to object to the statements' admission, or appellate counsel failed to raise this issue on appeal, lack merit as both claims are belied by the record. Further,

we conclude that Appellant's claim that trial counsel was ineffective in failing to request a curative instruction to the admission of Charnea Howell's unsigned statement, and appellate counsel for not raising this issue on appeal, fails for lack of prejudice. Indeed, Appellant does not set forth any argument demonstrating that, had trial counsel requested a curative instruction, the outcome would have been different. The same is true regarding Appellant's claim against appellate counsel. Instead, Appellant alleges that counsels' "failures . . . substantially prejudiced [A]ppellant and had an adverse outcome o[n] the case." Appellant's Brief at 19. Such a generic and conclusory allegation of ineffectiveness is insufficient to demonstrate prejudice. *See Spotz*, 870 A.2d at 833-834 (explaining that an appellant must demonstrate that, "but for counsel's error," there is a reasonable probability that "the outcome of the proceeding would have been different"). Hence, Appellant is not entitled to relief.

Third, Appellant asserts that trial counsel's "refusal to present the testimony of witness[,] Caleb Allen," resulted in ineffective assistance. Appellant's Brief at 18. In support of his claim, Appellant argues that "Allen intended to testify that he identified a man named Clifton Rudd to police as the actual shooter," not Appellant. *Id.* Our Supreme Court previously explained:

> There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended

> witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial. ***Commonwealth v. Carson***, 741 A.2d 686, 707 (Pa. 1999).

***Commonwealth v. Reid***, 99 A.3d 427, 438 (Pa. 2014) (parallel citations omitted).

A review of the certified record reveals that, in Appellant's Amended PCRA petition, he did not include the certification information as required by Section 9545(d)(1) or Rule 907(A)(15). Hence, Appellant failed "to comply with the simple and straightforward rules governing entitlement to an evidentiary hearing." ***Reid***, 99 A.3d at 438. In addition, as explained by the PCRA court, Appellant failed to demonstrate that Allen was prepared and willing to testify on his behalf. To the contrary, "trial counsel initially stated that Allen was reluctant about testifying." PCRA Court's 907 Notice, 3/30/22, at *8 (unpaginated); ***see also Commonwealth v. Bryant***, 855 A.2d 726, 748 (Pa. 2004) (holding that the appellant's failure to demonstrate that the proposed witnesses "were willing and able to testify" at his trial prevented him from establishing that "trial counsel was ineffective for failing to present th[e] witnesses"). Moreover, Appellant failed to establish that the absence of Allen's testimony prejudiced him and, instead, relies upon generic and conclusory

argumentation to support his claim. **See** Appellant's Brief at 19 (alleging trial counsel's "failures . . . substantially prejudiced [A]ppellant and had an adverse effect on the outcome of the case"). Based upon the foregoing, we conclude that Appellant is not entitled to relief on this claim.

Fourth, Appellant argues that trial counsel inexplicitly "fail[ed] to seek a mistrial based on the prosecutor's inflammatory remarks during opening and closing statements." Appellant's Brief at 18-19. Appellant, however, failed to identify this issue in his Rule 1925(b) statement. **See Interest of D.C.**, 263 A.3d 326, 335 (Pa. Super. 2021) ("This Court will not consider a claim of error when an appellant fails to raise the claim in the trial court at a time when the error could have been corrected" and "issues not included in an appellant's Rule 1925(b) [s]tatement are waived."), *citing* Pa.R.A.P. 1925(b)(4)(vii). Accordingly, Appellant's challenge is waived.

Finally, we turn to Appellant's remaining claim of ineffective assistance, lodged against appellate counsel. Appellant argues that appellate counsel "fail[ed] to properly perfect [his] direct appeal," submitted a deficient appellate brief, and otherwise failed to "preserve all of [A]ppellant[`s] issues on appeal." Appellant's Brief at 20-21. We discern no basis for Appellant's claim. Appellant did file a counseled direct appeal. In so doing, Appellant raised two issues, namely, a challenge to the admission of Charnea Howell's "hearsay" statement and a claim questioning the sufficiency of the evidence. **See Palmore**, **supra**. In reviewing Appellant's claims, this Court made no mention of any deficiencies in Appellant's appellate brief or even concluded

that Appellant waived any arguments on appeal. ***See id.*** We therefore hold that Appellant's unsubstantiated claim of ineffectiveness fails.

In his fifth issue, Appellant argues that he is entitled to relief based upon a claim of after-discovered evidence. In particular, Appellant argues that an eyewitness, Elijah Burke, "offered exculpatory information that would serve to establish [A]ppellant's innocence." Appellant's Brief at 25. Appellant summarily argues that Burke's potential testimony was "obtained after trial and could not have been obtained at trial through reasonable diligence, as [A]ppellant was incarcerated and unable to perform his own investigation." ***Id.*** We disagree.

To obtain relief on this basis, Appellant must plead and prove by a preponderance of the evidence the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial had it been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). Moreover, Appellant must show that the after-discovered evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012), *citing* ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008). To determine whether the evidence is "of such nature and character" to compel a different

- 15 -

verdict in a new trial, a court should consider "the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Commonwealth v. Padillas,* 997 A.2d 356, 365 (Pa. Super. 2010), *appeal denied*, 14 A.3d 826 (Pa. 2010).

Upon review, we conclude that Appellant's after-discovered evidence claim fails—and does so for two reasons. First, Appellant's explanation of why, with due diligence, Burke's testimony could not have been obtained before trial is lacking. Appellant's sole reason for not locating Burke to procure his testimony is his incarceration. Appellant, however, was represented by counsel who could have been instructed to locate Burke and secure him as a potential witness. Second, Appellant is unable to establish that Burke's testimony, even if it had been offered, would alter the outcome of his trial, as multiple eyewitnesses identified Appellant as the shooter. As the PCRA court explained, "the [surviving] victim gave a statement to the police from the hospital that day[,] recounting the shooting and he later identified [Appellant] as the shooter from a photo array. Charnea Howell also gave a statement to police. … Her brother, Jamar Howell, and cousin, Nadirah [Howell], also identified [Appellant] was the shooter to the police." PCRA Court's 907 Notice, 3/30/22, at *3 (unpaginated). Based upon the amount of identification evidence against Appellant, we also conclude that Burke's late-proffered testimony was unlikely to change the result of Appellant's trial and he is not entitled to relief.

In his final appellate issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition without an evidentiary hearing. This Court has repeatedly stated, that the right to an evidentiary hearing for a PCRA petition is not absolute. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted). If the petitioner's claim is without support in the record or other evidence, the PCRA court may decline to hold a hearing. *Id.* As required, we have examined the issues raised in Appellant's PCRA petition, and we have concluded that there were no genuine issues of material fact. *Id.* (citation omitted). Hence, we similarly conclude that the PCRA court did not err in denying Appellant's PCRA petition without an evidentiary hearing.

Order affirmed.

Judge Nichols did not participate in the consideration or decision of this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2023