J-S45037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ANTONIO MELENDEZ | : | |
| | : | |
| Appellant | : | No. 761 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 5, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002159-2023

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED: APRIL 24, 2026**

Appellant, Christopher Antonio Melendez, appeals from the judgment of sentence imposed by the Court of Common Pleas of Cumberland County after a jury found him guilty of aggravated indecent assault of a child, corruption of a minor, indecent assault of a person less than thirteen years of age, and involuntary deviate sexual intercourse of a person less than sixteen years of age.[1] He challenges the trial court's admission of the minor victim's out-of-court statements under the Tender Years exception to the rule against hearsay, **see** 42 Pa.C.S. § 5985.1 ("Tender Years Hearsay Act"), and the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3125(b), 6301(a)(1)(ii), 3126(a)(7), and 3123(a)(7), respectively.

admission of portions of the victim's mother's testimony that addressed out-of-court statements made to her by the victim. Upon careful review, we affirm.

In August 2023, Appellant was charged with aggravated indecent assault and other offenses stemming from various sexual acts that he committed against his minor stepdaughter, S.L. (the "victim"). **See** Bills of Information, 8/17/23. On March 4, 2024, the Commonwealth filed a notice of its intent to offer out-of-court statements from the victim pursuant to the Tender Years Hearsay Act. **See** Commonwealth's Notice of the Tender Years Exception, 3/4/24.[2] A hearing on the notice was requested "to determine whether the victim's mother and the forensic interviewer [from the Child Advocacy Center ("CAC")] w[ould] be permitted to testify in addition to the victim." **See id.** at 3 (unpaginated).

On March 21, 2024, a hearing was held where the January 9, 2023 video of the interview between the victim and the CAC forensic interviewer, Cara Daly, was admitted. **See** N.T. Tender Years Hearing, 3/21/24, at 3; Commonwealth Tender Years Hearing Exhibit 1 ("CAC Recorded Interview"). At the hearing, Daly testified that she followed all standard procedures for CAC interviews and noted that the victim made disclosures to her before speaking to law enforcement. **See** N.T. Tender Years Hearing, 3/21/24, at 5-

---

[2] "The tender years exception allows for the admission of a child's out-of-court statement due to the fragile nature of young victims of sexual abuse." **Commonwealth v. Fink**, 791 A.2d 1235, 1248 (Pa. Super. 2002) (citation omitted).

7. Then, the victim's mother ("T.M."), testified that on December 20, 2022, the victim had been in the car with her when she asked if she was a protected party under T.M.'s protection from abuse order ("PFA") against Appellant which had been entered against him about four months prior. *See id.* at 8-9. After being informed that the victim was not a protected party, the victim told her mother that Appellant had "touched and done other inappropriate acts to her." N.T. Tender Years Hearing, 3/21/24, at 9. Afterwards, T.M. detailed the victim's disclosures to her that were admitted for the purposes of the hearing along with the recording of the forensic interview. *See id.* at 11-12, 18-19. On April 12, 2024, the trial court ordered that the forensic interview and the statements the victim made to her mother would be admissible at trial pursuant to the Tender Years exception. *See* Order, 4/12/24.

Then, in May 2024, the trial court granted permission for the Commonwealth to amend the bills of information, adding a count for involuntary deviate sexual intercourse of a person less than sixteen years old. *See* Commonwealth's Motion to Amend Information, 4/12/24; Order (granting Commonwealth's motion to file amended criminal information), 5/14/24. A jury trial commenced on June 26, 2024, and concluded the following day with the jury finding Appellant guilty of all the charged offenses. *See* Verdict Sheet, 6/27/24. Then, on February 5, 2025, the trial court sentenced Appellant to an aggregate term of twelve to twenty-four years' imprisonment, to be followed by three years of supervised probation. *See* Sentencing Order, 2/5/25, at 1. Afterwards, Appellant filed a post-sentence motion on February 14, 2025,

which the trial court denied on June 9, 2025. *See* Post-Sentence Motion, 2/14/25; Order (denying appellant's post-sentence motion), 6/9/25.

Appellant filed a timely notice of appeal, and he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Notice of Appeal, 6/12/25; 1925(b) Statement Order, 6/16/25; 1925(b) Statement, 6/26/25; Trial Court Opinion, 7/15/25.

Appellant raises two questions for our review:

I.   Did the trial court err and commit an abuse of discretion in denying Appellant a new trial where the [CAC] interview and other statements of the minor complainant were admitted pursuant to 42 Pa.C.S. [§] 5985.1 [] without sufficient indicia of reliability due to influence by at least three other people, lack of spontaneity, an expressed motive to fabricate due to hostility toward Appellant, and the statements were otherwise inconsistent, uncertain, and equivocal?

II.  Did the trial court err and commit an abuse of discretion in denying Appellant a new trial where the Commonwealth's mandatory notice of intention to admit Tender Years hearsay [statements] was inadequate, the hearsay testimony received at trial from [the minor complainant's mother] exceeded that of which notice was provided, and the notice lacked requisite specificity?

Appellant's Brief at 4 (unnecessary capitalization and suggested answers omitted, brackets added, and numeral prompts reformatted).

In his first issue, Appellant argues that the trial court erred in admitting the minor victim's out-of-court statements to her mother and during the CAC interview after the Tender Years exception hearing. *See* Appellant's Brief at 8-14.

- 4 -

Regarding a trial court's admission of evidence, this Court has recognized:

> The admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error in judgment, but is rather the overriding or misapplication of law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence of record.

**Commonwealth v. Ganjeh**, 300 A.3d 1082, 1091 (Pa. Super. 2023) (citations, quotation marks, and brackets omitted).

"All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Evidence is relevant "if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact." **Commonwealth v. Gross**, 241 A.3d 413, 418 (Pa. Super. 2020) (citation omitted). Hearsay is a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Pennsylvania's Rules of Evidence provide that "[h]earsay is not admissible except as provided by [our Rules of Evidence], by other rules prescribed by the Pennsylvania Court Supreme Court, or by statute." Pa.R.E. 802.

One such exception is the Tender Years exception, which states, in relevant part:

> (1) An out-of-court statement made by a child victim or witness, who at the time the statement was made was 16 years of age or younger, describing any of the offenses enumerated in paragraph

(2), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if: (i) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and (ii) the child either: (A) testifies at the proceeding; or (B) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a)(1).

The critical elements for the admissibility of hearsay testimony under the Tender Years exception are: (1) the relevance of the testimony; and (2) a "sufficient indicia of reliability" based upon time, content, and circumstances of each statement. *Id.* This Court has held that, for the purposes of this exception to the general rule barring the admission of hearsay, the "indicia of reliability" includes, among other things, "the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexcepted in the children of that age, and the lack of a motive to fabricate." ***Commonwealth v. Strafford***, 194 A.3d 168, 173 (Pa. Super. 2018) (quotation marks, citation, and bracket marks omitted). Furthermore, "[p]ursuant to the Tender Years Hearsay Act, a trial court must consider the totality of the circumstances when determining whether a child's out-of-court statement is trustworthy." ***Interest of D.C.***, 263 A.3d 326, 335 (Pa. Super. 2021).

Appellant contends that the hearsay statements admitted under the Tender Years exception at trial did not possess sufficient indicia of reliability to be admissible. ***See id.*** at 13. He maintains that the victim displayed "hostility" toward him during her CAC interview. ***See id.*** at 11. Further, he asserts that the victim contradicted herself regarding who she told about his

abusive actions, first stating that she only told a friend, and then relating that she reported the abuse to her boyfriend and, afterwards, reported it to her mother. *See id.* at 12 (citing CAC Recorded Interview, 1/19/23, at 15:56; 16:25).

Moreover, he points out that the victim contradicted herself regarding whether digital penetration occurred. *See* Appellant's Brief at 12-13 (citing CAC Recorded Interview, 1/19/23, at 16:06). Also, he notes that the CAC interview contained no allegation that Appellant used sex toys on the victim, however the victim's mother testified at the Tender Years hearing that the victim told her that occurred. *See id.* at 13 (citing N.T. Tender Years Hearing, 3/21/24, at 9). Appellant argues that these "contradictions" indicate that the victim's statements lacked the requisite indicia of reliability to be admissible. *See id.* at 11-12. Additionally, he alleges that the victim "openly expressed motive to fabricate" by stating to the forensic interviewer that she found Appellant "annoying" and "crazy." *Id.* at 13 (citing CAC Recorded Interview, 1/19/23, at 15:37, 16:26)). Accordingly, Appellant asks that we reverse the trial verdict and remand for a new trial on all counts. *See id.* at 14. We disagree.

The trial court explained its decision as follows:

The statements [made by the victim at the CAC interview] were remarkably consistent with the disclosures she had previously made to her mother, namely, that from the time the victim was approximately 9 until she was 14, ranging from weekly to once or twice a month, [Appellant] touched her breasts, he directed her to hold his penis, he touched her vagina, he bribed her with electronics to allow him to touch her, he threatened her with a

knife, and he performed oral sex on her. [*See* N.T. Tender Years Hearing, 3/21/24, at 9-12.] The victim was interviewed by a professional forensic interviewer in a neutral location outside the presence of any other person and was asked non-leading and non-suggestive questions, which resulted in lengthy and detailed disclosures. [*See* N.T. Tender Years Hearing, 3/21/24, at 4-7.] The victim recalled the timing of various acts based on when her family moved to a different apartment (as she did at trial) and expressed embarrassment in naming private body parts, but did identify same in terms expected of a young teen of her age at the time of the interview. Any hesitation in certainty she expressed during the forensic interview appeared to be a result of being nervous and embarrassed, which [the trial court] found to be typical in any child-disclosure of unwanted sexual acts.

[…Appellant] also took issue with the victim's demeanor during the interview[. The trial court finds] this and the remainder of [Appellant's] claims as to reliability of the forensic interview specious.

[…]

The victim was clearly uncomfortable during the interview, frequently making nervous chatter, and at times appeared to over-explain why she allowed [Appellant] to touch her in exchange for screen-time as though she feared her disclosures made it sound as though she bore some responsibility. *See Commonwealth v. Barnett*, 50 A.3d 176, 188-89 (Pa. Super. 2012) (finding statements made to a detective in a forensic interview reliable where the statements were almost identical to statements the girls made to their mothers, there was no evidence of embellishment from prior statements, and the questions were open-ended and non-suggestive). [The trial court] found the statements sufficiently reliable.

[The trial court] also found the statements that the victim made to her mother to be sufficiently reliable based on spontaneity, consistency with other disclosures the victim made at the forensic interview, and the content and timing thereof. The victim's mother testified at the pre-trial hearing on the admissibility of the statements that the victim began the conversation unprompted by asking if she was protected under the PFA order her mother had obtained against [Appellant. *See* N.T. Tender Years Hearing, 3/21/24, at 8-9.] When the victim's mother told the victim that the PFA did not include the victim because she didn't have a reason to list her on the petition, the victim said, "she had not told

[her] all the information," and that there were things she kept to herself. [*See id.* at 9.]

[…]

The victim's mother's non-leading questions, the victim's demeanor, [as well as her] lack of familiarity with the sexual acts she was describing outside of [Appellant] performing them on her, and the overall circumstances of the disclosure convinced [the trial court] that the statements bore the hallmarks of trustworthiness such that we found sufficient indicia of reliability.

[Appellant] raised several concerns with the reliability of disclosure [] including that the victim's mother was the third person the victim disclosed to (after her boyfriend and a friend) […and] that the victim made no disclosure (pre-trial or at trial) about the use of sex toys outside of the disclosure she made to her mother, and the victim said during the forensic interview that she "wanted to get [Appellant] in trouble because he was annoying."

[The trial court] consider[ed] these facts prior to [its] ruling and did not find that they undermined the reliability of the victim's statements to any significant degree. The fact that the victim made disclosures to her friend and boyfriend prior to telling her mother did little to shake the reliability of the statements made to mother; the victim's boyfriend pushed the victim to tell her mother when the victim disclosed the abuse to him. Significantly, the victim said during the forensic interview that she was 10 years old when she told her friend, she did not know [Appellant's] conduct was "bad" conduct that time, and her friend didn't remember the disclosure. [… The trial court's] review of the lengthy forensic interview served to allow [the court] to hear the disclosures more than once to judge consistency in repetition.

[…]

The lack of disclosure by the victim at the forensic interview about the use of a sex toy similarly did not strike [the trial court] as particularly significant to the reliability of the disclosures to her mother, given how nervous the victim appeared during the forensic interview and at trial, and, at the risk of appearing to rank the severity of [Appellant's] abusive acts, [Appellant] giving the victim a sex toy was unlikely to be viewed as the most egregious conduct [Appellant] inflicted on the victim, considering that he also digitally and orally penetrated her vagina over the course of years. […] Finally, the fact that the victim's mother, at times

during her testimony, took a moment to recall exactly how her child phrased some disclosure, did not indicate to [the trial court] a lack of confidence in her recollection outside of that typical of any witness, and[,] in fact[,] evidenced caution in attempting to repeat the statements accurately.

[…]

To summarize, [the trial court] found the victim's disclosures to her mother spontaneous, consistent with disclosures made at the forensic interview, trustworthy in their delivery given the child's nervous demeanor which transformed into rapid-fire statements as she went on, and, under the totality of the circumstances, trustworthy.

Trial Court Opinion, 7/15/25, at 6-11 (portions and footnotes omitted, brackets, record citations, and section breaks added).

Upon our independent review of the record, we discern no abuse of discretion in the trial court's determination that the minor victim's statements to her mother and the forensic interviewer were admissible under the Tender Years exception. *See Ganjeh*, 300 A.3d at 1091; 42 Pa.C.S. § 5985.1(a)(1). The court's thorough and well-reasoned opinion is supported by the record, and we adopt its reasoning. Accordingly, Appellant's first issue is meritless.

Next in his second issue, Appellant argues that the trial court erred and committed an abuse of discretion in admitting portions of the victim's mother's testimony under the Tender Years exception because the Commonwealth's notice of intent to admit hearsay under that exception lacked specificity and the victim's mother's testimony contained statements which were not explicitly included in the Commonwealth's Tender Years exception notice. *See* Appellant's Brief at 14-17. Specifically, Appellant claims that the victim's

mother's hearsay testimony exceeds that of the statement addressed in the Commonwealth's notice and thus the notice lacked requisite specificity for admissibility of the entirety of the victim's mother's testimony. ***See id.*** at 15; ***see also*** 42 Pa.C.S. § 5985.1(b). Appellant requests that we vacate his convictions and remand for a new trial. ***See id.*** at 16. We find no relief is due.

Appellant's argument that the victim's mother's testimony at trial exceeded the scope of the Commonwealth's Tender Years notice is waived because no specific objection to that effect was raised during her testimony at trial. ***See*** N.T. Trial, 6/27/24, at 17-24; Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); ***see, e.g.***, ***Commonwealth v. Brinson***, 2023 WL 3051612, *7 (Pa. Super., filed Apr. 24, 2023) (claim that Commonwealth elicited testimony that exceeded the scope of its Tender Years notice was waived where Brinson raised only a broad objection to hearsay before the testimony was elicited and made no further objection concerning the scope of the testimony) (cited for persuasive value pursuant to Pa.R.A.P. 126).

Even assuming *arguendo* that the instant claim was preserved below, we would look to whether the Commonwealth offered notice for the victim's mother's testimony during the Tender Years hearing. Here, three months before the trial, the Commonwealth put defense counsel on notice and that it would seek admission of the following described statement:

> The incidents originally came to light when the victim disclosed to her mother that [Appellant] had been inappropriately touching her over a 5-year period after [Appellant] was excluded from the

residence because of a PFA. The disclosure included [Appellant] fondling the victim['s] breasts, fondling the victim['s] genitals, oral sex, [Appellant] exposing himself, and [Appellant] having the victim hold his penis.

Commonwealth's Notice of the Tender Years Exception, 3/4/24, at 1-2.

The trial court explained its decision to admit the entirety of the victim's mother's testimony, as follows:

While the victim's mother did testify at the pre-trial hearing (and trial) further about these statements, including the context in which they were made and, for example, that [Appellant] had used bribery with electronics to further the abuse, a "word-for-word recitation" of the out-of-court statement is not required by the statute. [*See*] ***Commonwealth v. Hunzer***, 868 A.2d 498, 511 (Pa. Super. 2005). Elaboration in the victim's mother's testimony at the pre-trial hearing was well within the parameters of the particulars in the Commonwealth's notice, which covered how [Appellant's] conduct met the elements of the offenses that she would later testify to at trial. It cannot be said that the notice deprived [the] defense of "a fair opportunity to prepare to meet the statement." ***See*** 42 Pa.C.S. § 5985.1(b).

To the extent [Appellant] is instead claiming that the victim's mother's *trial* testimony exceeded the scope of the notice or of her pre-trial testimony, no objection was lodged at trial, nor would we have sustained one. [The trial court has] identified no departure of significance between her testimony pre-trial and at trial, and, again, her testimony did not depart from the Commonwealth's notice outside of elaboration. [The trial court] discern[s] no error.

Trial Court Opinion, 7/15/25, at 13 (emphasis in original and brackets added).

Upon review of the record, we agree with the trial court that Appellant waived the instant claim and, in any event, the Commonwealth provided adequate and specific notice to Appellant for the use of the Tender Years exception with respect to the victim's mother's testimony. ***See*** 42 Pa.C.S. §

5985.1(b); Trial Court Opinion, 7/15/25, at 11-13. The Commonwealth provided Appellant almost three months of notice of its intent to admit statements of the victim through the testimony of her mother and the mother's testimony did not need be a "word-from-word recitation" from the Commonwealth's notice statement. *Hunzer*, 858 A.2d at 511 (rejecting claim of error with respect to the admission of statements that "were reasonably within the parameters of the Commonwealth's [Tender Years] notice"). Accordingly, we find Appellant's second issue to be waived and meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2026